# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. L.G., an individual )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>1. STATE OF OKLAHOMA ex rel OKLAHOMA )<br>   DEPARTMENT OF CORRECTIONS )<br>2. CHRISTOPHER REDEAGLE, individually )<br>3. SHARON MCCOY, individually )<br>4. JOE ALLBAUGH, individually )<br>5. PENNY LEWIS, individually )<br>6. RABECKAH MOONYHAM, individually )<br>7. HEATHER CARLSON, individually )<br>8. BOARD OF CORRECTIONS, )<br>)<br>Defendants. ) | Case No.: 20-CV-306-RAW |

## DEFENDANT CHRISTOPHER REDEAGLE'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Christopher RedEagle prays for this Court to dismiss Plaintiffs' causes of action contained in her *Complaint* [Doc. 2] at numbered items 35, 37, 41, 51, 52 & 54. Defendant RedEagle asserts that these causes of action fail to state a claim upon which relief can be granted as to Defendant RedEagle, pursuant to Fed.R.Civ.P. 12(b)(6). The following arguments & authorities are submitted in support of this *Motion*.

### I.     PLEADING STANDARD UNDER *TWOMBLY* AND *IQBAL*

In analyzing the Plaintiff's *Complaint*, "the court need accept as true only Plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The allegations must provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id.* It is the Plaintiff's duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570; *Slater v. A.G. Edwards & Sons, Inc*., 719 F.3d 1190, 1196 (10th Cir. 2013) *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); see also *Kay v. Bemis,* 530 F.3d 1214, 1218 (10th Cir. 2007) ("Rather than adjudging whether a claim is 'improbable, factual allegations in a complaint must be enough to raise a right to belief above the speculative level.'")(quoting *Twombly,* 550 U.S. at 555)).

In *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008), the Tenth Circuit noted that if a complaint is sufficiently devoid of facts necessary to establish liability that it "encompass[es] a wide swath of conduct, most of it innocent, a court must conclude that plaintiffs 'have not nudged their claims across the line **from conceivable to plausible**.'" (emphasis added). The Tenth Circuit observed that a Complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

The Tenth Circuit has repeatedly affirmed that generic accusations against the "Defendants" fail to meet the "fair notice" standard under Rule 8. See *Robbins v. Oklahom*a, 519 F.3d 1242, 1250 (10th Cir. 2008). This collective pleading is insufficient under the plausibility standard. *Robbins* provides:

> Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with **no distinction as to what acts are attributable to whom**, it is impossible for any of these

>individuals to ascertain what **particular unconstitutional acts** they are alleged to have committed. See *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir., May 31, 2001) (granting a motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by "the defendants""); *Medina v. Bauer*, 2004 WL 136636, *6 (S.D.N.Y., Jan.27, 2004); *Lane v. Capital Acquisitions and Mgmt. Co*., 2006 WL 4590705, *5 (S.D.Fla., April 14, 2006).

*Id.* (emphasis added). *Bryson*, supra, emphasizes that "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id* at 1290. (Emphasis in original, quoting *Robbins* 519 F.3d at 1249 - 50)

A plaintiff's claim may be dismissed for lack of a viable legal theory to show he or she is entitled to relief. "A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Garcia ex rel Martin v. Clovis Unified*, 627 F.Supp.2d 1187, 1194 (E.D. CA 2009) (emphasis added). The plausibility rule of *Twombly* and *Iqbal* requires a valid and apparent connection between a) sufficient facts and b) a viable, legally cognizable claim to "show that the pleader is entitled to relief." *Twombly* at 1966.

## II. PLAINTIFFS HAVE NO LEGALLY VALID AND PLAUSIBLE SUBSTANTIVE DUE PROCESS CLAIM

The focus of Plaintiff's causes of action against Defendant RedEagle is stated as "violations of Plaintiff's right to bodily integrity under the Fourth Amendment and the Eighth Amendment." [Doc. 2, ¶ 35]. Such are the primary allegations and the basis of each of the numbered claims against Defendant RedEagle.  To the extent the Plaintiff

prays for it in numbered items 41, 51 52 & 54, there is no supplemental substantive due process claim available against this defendant.

It is well established that substantive due process claims based upon an alleged violation of a more particularized constitutional right must be analyzed in terms of the more specific right. See *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); see also *United States v. Lanier,* 520 U.S. 259, 272, n7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) ("… if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *Shimomura v. Carlson*, 811 F.3d 349, 361 (10th Cir. 2015) ("[C]onstitutional requirement for probable cause before he could be arrested ... is protected by the Fourth Amendment, not by the Fifth or Fourteenth Amendments' rights to procedural due process"). See also *Albright v. Oliver*, 510 U.S. 266 (1994).

This is the case here. Plaintiffs' *Complaint*, relative to "bodily integrity", falls under the protections of the Fourth and/or Eighth Amendments. The attempt to tack on a "substantive due process" claim under the Fourteenth Amendment, when the matter is squarely covered by another amendment, has been rejected and should be here.

The highly conceptual language of substantive due process has caused courts to be cautious in applying the substantive due process feature of the Fourteenth Amendment. Indeed, the Tenth Circuit in *Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015) recently stated, "the [Supreme] Court has warned that the doctrine should be applied and expanded sparingly 'because guideposts for responsible decision making in

this unchartered area are scarce and open-ended.'" (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). Hence, courts have repeatedly stated that "[w]here a particular Amendment 'provides an **explicit textual source of constitutional protection**' against a particular sort of government behavior, 'that Amendment, not the more generalize notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386 (1989))(emphasis added). This is the case here. Plaintiff cite the explicit textual source of their Constitutional claims, and the generalized "substantive due process" claims – to the extent the Plaintiff prays for it in numbered items 41, 51 52 & 54 – must fail and should be dismissed against Defendant RedEagle.

### III.   PLAINTIFF'S *BOSH* CLAIM AGAINST REDEAGLE IS NOT VIABLE

As Plaintiff's Petition notes, Defendant RedEagle is an individual who worked at Eddie Warrior. [Doc. 2, ¶ 3]. Yet Plaintiff's number item 37 appears to include a claim pursuant to Okla. Const, Art. 2 § 30 against Defendant RedEagle.  Plaintiff's claim at number item 37 states that it is a *Bosh* claim derived from *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (OK 2013).

In *Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994 (Okla. 2013), the Oklahoma Supreme Court recognized a limited private right of action for excessive force under Okla. Const. Art. 2, § 30.  However, after the Oklahoma Supreme Court's decision in Bosh, the Oklahoma legislature amended the Oklahoma Governmental Tort Claims Act ("OGTCA") to bring Oklahoma constitutional claims within its ambit. See Okla. Stat. tit. 51, § 152(14) (as amended April 21, 2014) and Okla. Stat. tit. 51, § 153 (as amended

May 12, 2015). In that regard, the Oklahoma legislature amended the definition of "tort" under the OGTCA to mean "a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise…." Okla. Stat. tit. 51, § 152(14).

Accordingly, the Oklahoma Supreme Court implicitly acknowledged that *Bosh* is no longer applicable in light of these amendments to the OGTCA. *Barrios v. Haskell County Public Facilities Authority; Foutch v. Turn Key Health*, 2018 OK 90, 432 P.3d 233. The concurring Justices in *Barrios* urged the majority to expressly disapprove of *Bosh* in order to avoid confusion:

> The effect of the Court's opinion will be *sub silentio* to disapprove or distinguish language in *Bosh v. Cherokee County Governmental Building Authority*, 2013 OK 9, 305 P.3d 994, and *Washington v. Barry*, 2002 OK 45, 55 P.3d 1036. Any statements in either *Bosh* or *Washington* impliedly or expressly indicating an alleged state or federal constitutional violation may be used for either (1) a governmental statutory tort claim or (2) a "constitutional tort" claim against the State and its officials, when otherwise expressly forbidden by the State's sovereign immunity statutes, should be expressly disapproved by this Court to avoid confusion by the Bench and Bar. The Court's opinion today is inconsistent with *Perry v. City of Norman*, 2014 OK 119, 341 P.3d 689, and *Perry* should be overruled to the extent it allows a constitutional tort claim against the public purse when such a claim is expressly prohibited by the Oklahoma Governmental Tort Claims Act.

*Id*. at ¶ 1 (Edmondson, J., Concurring in result).

In short, a *Bosh* claim is no longer viable. To the extent it is found to be a viable claim, it is not proper brought against Defendant RedEagle as an individual. Besides the explicit statement in the amended OGTCA, courts have consistently recognized that a *Bosh* claim does not lie against an individual officer. *Maher v. Oklahoma*, 165 F.Supp.3d

1089, fn 3 (W.D. OK 2016) states:

> Plaintiff argues, however, that if the GTCA bars his negligence claim against Defendant Young, then he could bring a constitutional claim under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla.2013). Plaintiff points to no legal authority that **permits a *Bosh* claim** to be brought **against an individual actor …**

(emphasis added). See also *Shed v. Oklahoma Department of Human Services*, 2017 WL 1496039 (E.D. OK April 25, 2017)("*Bosh* claims appear to be limited to actions against political subdivisions.")(citing *Maher, supra*). Courts have also examined the holding and rationale of *Bosh*, refusing to depart from the same. *Koch v. Juber*, CIV-13-0750-HE, 2014 WL 2171753, fn. 8 (W.D. Okla. May 23, 2014), states, "In *Bosh* the Oklahoma Supreme Court recognized a private right of action **against a governmental entity** for excessive force … notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act." (emphasis added). The *Koch* Court thus concluded:

> The court also finds no basis in *Bosh* for extending **liability beyond the employer**. The Oklahoma Supreme Court held in *Bosh* that "[t]he common law theory of respondeat superior applies to municipal liability ... to determine when an employee of a municipality uses excessive force within the scope of employment." *Bosh*, 305 P.3d at 1004 (emphasis added). Plaintiffs' *Bosh* claims against Newton-Embry and King [agency employees] will be dismissed.

*Koch*, 2014 WL 2171753 at * 3 (emphasis added). See also *Morris v. Humphrey*, CIV-14-497-W, 2014 WL 3488895 (W.D. Okla. July 11, 2014)(liability under *Bosh* is directed to the *employer*, not supervisors).

There is simply no legally viable *Bosh* claim against an individual, as opposed to the governmental entity as employer. Because RedEagle was an employee at Eddie Warrior and not the "employer" or entity, he has no liability to the Plaintiff for a *Bosh*

claim. Plaintiff's *Bosh* claim against RedEagle are invalid and must be dismissed.

## IV. THE COMPLAINT LACKS SPECIFICITY SUFFICIENT TO SUSTAIN THE PLAINTIFF'S 1983 CLAIM AGAINST REDEAGLE

Determining whether the *Complaint* states a plausible claim for relief is a "context-specific task" that requires the Court to "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* quoting Fed. Rule Civ. Proc. 8(a)(2). A *Complaint* that is "flush with innuendo" but "lacks sufficient *facts*" for the allegations "to raise a right to relief above the speculative level", must be dismissed. *EEOC v. Tuscarora Yarns, Inc.*, No. 1:09-CV-217, 2010 WL 785376, at *2 (M.D.N.C. March 3, 2010) (applying Iqbal and Twombly to grant a motion to dismiss hostile work environment claims – where allegations included sexual assault – based on the complaint's lack of factual specificity).

Here, the Plaintiff's allegations involving Defendant RedEagle are suggestive and draw the reader to guess at the underlying actions of the litigants. However, they are only innuendo, full of vagaries. Indeed, the *Complaint* asserts that he "was able to repeatedly take advantage of Plaintiff" [Doc. 2 at item 27]; that he "was able to pressure Plaintiff into inappropriate situations" [Doc. 2 at item 28]; and that he pressured her "into sexual contact." *Id.* Each of these suggestions sound like allegations of unprofessional – even uncivilized – behavior, but they don't meet the elements of a claim asserting that Plaintiff was deprived of her constitutionally protected rights.

### V. PRAYER

WHEREFORE, under Fed.R.Civ.P. 12(b)(6), Defendant RedEagle prays for this Court to order Plaintiff's causes of action against RedEagle be dismissed with prejudice, together with such further relief as it deems just and practicable.

Respectfully submitted,

*Anthony L. Allen*
Anthony L. Allen, OBA #19738
106 S. Okmulgee Ave.
Okmulgee, Oklahoma 74447
Phone: 800-409-1915
Fax: 888-397-3643
tony@anthonylallen.com
*Attorney for Defendant Christopher RedEagle*

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to ECF registrants entered in the instant action.

*Anthony L. Allen*
Anthony L. Allen