# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

LAURIE GARLAND,

    Plaintiffs,

v.

STATE OF OKLAHOMA, *ex.rel.*,
OKLAHOMA DEPARTMENT OF
CORRECTIONS, *et. al.,*

    Defendants.

Case No. 20-CIV-306-RAW

## ORDER

Before the court are Plaintiff's Supplemental Rule 26 Initial Disclosures [Docket No. 31]. In this case Plaintiff alleges and seeks compensatory damages as well as damages for mental pain and anguish, civil rights violations, future medical and exemplary/punitive damages.

Plaintiff's Rule 26 disclosures state, in part, as follows:

> Plaintiff received counseling from Family Health Center…billing amount being $130.00. Plaintiff will seek monetary compensation for defendants' actions. Mental pain and anguish is estimated at $1,000,000.00. Civil Rights violations "See above calculation." Exemplary/Punitive Damages "estimated $1,000,000.00 to $3,000,000.00."

(Docket No. 31, Pages 2 and 3.)

Plaintiff's disclosures do not fulfill the requirements of Rule 26, that mandate a party disclose and provide the following information:

> a computation of <u>each</u> category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other

> evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Federal Rules of Civil Procedure Rule 26 (emphasis supplied). While the court understands Plaintiff may not be able to calculate specifically each category of damages, Plaintiffs should be able to set forth some computation of non-economic damages for mental pain and suffering and other non-pecuniary losses including punitive damages. The court finds this disclosure to be inadequate.

The purpose of Rule 26 is to "accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or make an informed decision about settlement." <u>Sender v. Mann</u>, 225 F.R.D. 645, 650 (D.Colo., 2004). Early disclosure also assists the parties "in focusing and prioritizing their organization of discovery." <u>City and County of San Francisco, et al. v. Tutor-Saliba Corporation, et al.</u>, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

The court in <u>City and County of San Francisco</u> also addressed the issue of the Plaintiff providing a calculation of damages:

> Given these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained. As one treatise explained:
> The meaning of "category" of damages is not clear. Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or " property damage," "bodily injury," etc.). To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for "general" damages (pain, suffering or disfigurement) as well as "special" damages (medical bills, lost wages, cost of repairing damaged property,

> etc.).
>
> Rutter Group, Fed. Civ. Proc. Before Trial § 11:166 (2001). Moreover, the "computation" of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate. *See Bullard v. Roadway Exp.,* 3 Fed.Appx. 418, 420 (6th Cir.2001) (unpublished). *See also U.S. v. Rempel,* 2001 WL 1572190 (D.Alaska 2001) at *2 (government required to disclose computation of tax liability, the functional equivalent of damages calculation in a tort case).

Id, 218 F.R.D. 219, *221 (N.D.Cal.,2003).

Plaintiff is, therefore, ordered to supplement the Rule 26 Initial Disclosures to provide a computation of every category of damages no later than **February 12, 2021.**

Dated this 27th day of January, 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA