IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURIE GARLAND,<br><br>    *Plaintiff*,<br><br>v.<br><br>1. STATE OF OKLAHOMA, ex rel OKLAHOMA DEPARTMENT OF CORRECTIONS,<br>2. CHRISTOPHER REDEAGLE, individually,<br>3. SHARON MCCOY, individually,<br>4. JOE ALLBAUGH, individually,<br>5. PENNY LEWIS, individually,<br>6. RABECKAH MOONYHAM, individually,<br>7. HEATHER CARLSON, individually, and<br>8. BOARD OF CORRECTIONS,<br><br>    *Defendants*, | Case No. CIV-20-306-RAW |

**ORDER**

Plaintiff filed her Amended Complaint on November 24, 2020, alleging that Defendant RedEagle sexually assaulted her while she was in the custody of the Oklahoma Department of Corrections ("ODOC").[1] She brings claims pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights and for deliberate indifference, failure to train, and establishing a custom and practice of indifference resulting in violations of her constitutional rights. She also brings

---

[1] After motions to dismiss were filed, the court invited Plaintiff to amend her Complaint to provide additional legal or factual averments which may vitiate the claims of insufficiency. As Plaintiff did so amend, those motions [Docket Nos. 13 and 16] are moot. *See Davis v. TXO Prod. Corp*. 929 F.2d 1515, 1517 (10th Cir. 1991)(An amended complaint supersedes the previous complaint and "renders it of no legal effect.")(citations omitted)).

state law claims pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA") and *Bosh v. Cherokee Cnty. Gov'tal Bldg. Auth.*, 305 P.3d 994 (Okla. 2013).

Now before the court is the motion to dismiss filed by Christopher Redeagle [Docket No. 21] and Plaintiff's response thereto [Docket No. 26].[2] RedEagle did not file a reply. RedEagle's motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted.

**Failure to State a Claim**

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which

---

[2] Also before the court is the motion to dismiss filed by the Oklahoma Department of Corrections ("ODOC"), the Oklahoma Board of Corrections (the "Board"), Sharon McCoy, Penny Lewis, Rabeckah Mooneyham, and Heather Carlson [Docket No. 22] and Plaintiff's response thereto [Docket No. 27]. No reply was filed. This motion will be addressed by separate Order. Defendant Allbaugh has not filed a motion.

the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins*, 519 F.3d at 1250 (emphasis in original). Otherwise, the Complaint would fail to provide fair notice and to present a plausible right to relief.

### **RedEagle's Motion**

Plaintiff alleges that while RedEagle was a correctional officer at the Eddie Warrior prison facility where she was incarcerated, he manipulated her work and schedule so that he could force himself on her sexually. She alleges, *inter alia*, that he harassed her and sexually assaulted her. RedEagle's name is in the Amended Complaint forty-seven times, including the caption. The Amended Complaint includes many factual allegations against RedEagle, including that he forced her to wear underwear that he brought into the prison for a week at a time so that he could later sniff them.

RedEagle argues that "[f]rom what can be ascertained" the causes of action against him are limited to four particular paragraphs of the Amended Complaint – paragraphs 61, 71, 82, and 86 – and that "these causes of action fail to state a claim upon which relief can be granted as to Defendant RedEagle." It is unclear why he chooses these particular paragraphs as the only ones

3

applicable to him. Moreover, there is no paragraph 86. RedEagle argues that Plaintiff's allegations "are only innuendo, full of vagaries." The court does not agree.

As to the federal claims, RedEagle also argues that Plaintiff has no plausible substantive due process claim. Plaintiff alleges that RedEagle deprived her of her civil rights under the United States Constitution and lists the Fourth, Eighth, and Fourteenth Amendments. Defendant is correct that when "a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n. 2 (1997). While Plaintiff's claims will not likely be analyzed under the Fourteenth Amendment, generally plaintiffs may plead their claims in the alternative. This issue may be more readily addressed at the summary judgment stage. RedEagle's motion is DENIED as to Plaintiff's federal claims.

As to the state law claims, RedEagle argues that Plaintiff's *Bosh* claim against him is not viable. The Oklahoma Supreme Court has pointed out that after its ruling in *Bosh v. Cherokee Cnty. Governmental Bldg. Auth*. 305 P.3d 994 (Okla. 2013), the State legislature responded by amending the GTCA to include immunity for violations of the Oklahoma Constitution. *Barrios v. Haskell Cnty. Pub. Facilities Auth., et al.*, 432 P.3d 233, 235-41 (Okla. 2018).

In *Barrios*, the Court held that "because these 'constitutional' torts are now clearly 'torts' governed by the GTCA, the GTCA's specific prohibition against tort suits arising out of the 'operation or maintenance of any prison, jail or correctional facility' bars the claims at issue here." *Id*. at 239 (citing 51 OKLA. STAT. § 155(25). Plaintiff argues and the court agrees that this immunity provision is not applicable *as to the allegations against RedEagle*, as sexual assault is not concomitant with the operation or maintenance of a correctional facility. Of

course, the GTCA also prohibits claims against employees of the state "acting within the scope of employment." 51 OKLA. STAT. § 153(C).  As Plaintiff argues, whether RedEagle was acting within the scope of employment is an issue of fact.  RedEagle's motion is DENIED as to Plaintiff's state law claims.

### Summary

RedEagle's motion to dismiss [Docket No. 21] is hereby DENIED.

**IT IS SO ORDERED** this 10th day of May, 2021.

*[signature: Ronald A. White]*

**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**