IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAURIE GARLAND,

    *Plaintiff*,

v.

1. STATE OF OKLAHOMA, ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS,
2. CHRISTOPHER REDEAGLE, individually,
3. SHARON MCCOY, individually,
4. JOE ALLBAUGH, individually,
5. PENNY LEWIS, individually,
6. RABECKAH MOONYHAM, individually,
7. HEATHER CARLSON, individually, and
8. BOARD OF CORRECTIONS,

    *Defendants.*

Case No. CIV-20-306-RAW

## ORDER

Plaintiff filed her Amended Complaint on November 24, 2020, alleging that Defendant RedEagle sexually assaulted her while she was in the custody of the Oklahoma Department of Corrections ("ODOC"). She brings claims pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights and for deliberate indifference, failure to train, and establishing a custom and practice of indifference resulting in violations of her constitutional rights.[1] She also brings state law claims pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA") and *Bosh v. Cherokee Cnty. Gov'tal Bldg. Auth.*, 305 P.3d 994 (Okla. 2013).

---

[1] Plaintiff lists the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendants note that Plaintiff's allegations appear more consistent with a claim arising under the Eighth Amendment.

Now before the court is the motion to dismiss filed by the Oklahoma Department of Corrections ("ODOC"), the Oklahoma Board of Corrections (the "Board"), Sharon McCoy, Penny Lewis, Rabeckah Mooneyham, and Heather Carlson [Docket No. 22][2] and Plaintiff's response thereto [Docket No. 27].[3]  No reply was filed.  The motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted.

I. **Failure to State a Claim**

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017).  Of course, the court does not accept as true conclusory statements or legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiff must nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which

---

[2] On July 1, 2021, the parties filed a stipulation of dismissal as to Heather Carlson.  The motion to dismiss, therefore, is moot as to Ms. Carlson.

[3] The motion to dismiss filed by Christopher Redeagle [Docket No. 21] was denied in a previously Order [Docket No 44].  Defendant Allbaugh has not filed a motion.

the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins*, 519 F.3d at 1250 (emphasis in original). Otherwise, the Complaint would fail to provide fair notice and to present a plausible right to relief.

II. **Qualified Immunity Standard at the Motion to Dismiss Stage**

Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Turner v. Oklahoma Oklahoma Cnty. Bd. Of Cnty. Comm'rs.*, No. 19-6092, 2020 WL 995729, at *2 (10th Cir. 2020) (citation omitted). "Qualified immunity also applies to supervisory liability in § 1983 cases." *Id*. (citation omitted).

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Myers v. Brewer*, 773 Fed.Appx. 1032, 1036 (10th Cir. 2019) (citing *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). At the motion to dismiss stage, however, defendants are subject "to a more challenging standard of review than would apply" at the summary judgment stage. *Id*. "At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is

3

scrutinized for objective legal reasonableness." *Turner*, 2020 WL 995729, at *2 (citation omitted and emphasis added).

Accordingly, when a defendant raises a qualified immunity defense in response to a motion to dismiss, the court employs a two part test to determine whether Plaintiff (1) plausibly pleaded that the defendant violated a constitutional right, and (2) shows that the constitutional right was clearly established at the time of the defendant's alleged misconduct. *Id.* at *3. The court has discretion to decide which of the two prongs to address first considering the circumstances of the case and need not address both. *Id*.

"A plaintiff may show clearly established law by pointing to either a Supreme Court or Tenth Circuit decision, or the weight of authority from other courts, existing at the time of the alleged violation." *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018) (citation omitted). A law is not clearly established unless existing precedent has "placed the statutory or constitutional question beyond debate." *Id.* (citation omitted). This is an objective test. *Brown*, 662 F.3d at 1164.

The court must not "define clearly established law at a high level of generality." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citing *Ashcroft*, 563 U.S. at 742); *Knopf*, 884 F.3d at 944 (citing *Ashcroft*, 563 U.S. at 742). Of course, a prior case need not have *identical* facts. *Perry v. Durborow*, 892 F.3d 1116, 1126 (10th Cir. 2018); *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017). Still, the "clearly established law must be 'particularized' to the facts of the case." *Knopf*, 884 F.3d at 944 (citation omitted).

### III. <u>Federal Claims</u>

As noted above, citing the Fourth, Eighth, and Fourteenth Amendments, Plaintiff alleges claims pursuant to § 1983 for violations of her constitutional rights. She alleges Defendants

were deliberately indifferent, failed to train, and established a custom and practice of indifference resulting in violations of her constitutional rights.

### A. ODOC & the Board

Defendants first argue that ODOC and the Board are not proper parties to this action. Defendants correctly argue both that a state agency is not a "person" acting under color of state law as contemplated by 42 U.S.C. § 1983 and that ODOC and the Board are entitled to and have not waived Eleventh Amendment immunity.

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (internal citation omitted). The Court held that "neither a State nor its officials acting in their official capacities are 'persons' acting under § 1983." *Id*. at 71. Accordingly, the § 1983 claims against ODOC and the Board are hereby dismissed.[4]

Citing *Ex parte Young*, 209 U.S. 123 (1908), Plaintiff argues that her claims for injunctive and declaratory relief are cognizable. Under *Ex parte Young*, the Eleventh Amendment generally will not bar suits that seek injunctive rather than monetary relief for

---

[4] Citing only Justice Edmondson's concurring opinion in *Barrios v. Haskell Cnty. Pub. Facilities Auth., et al.*, 432 P.3d 233 (Okla. 2018), Plaintiff argues that there is no Eleventh Amendment immunity where the state has a bond or insurance sufficient to satisfy a judgment. The court is not convinced this concurring opinion supports Plaintiff's position. While Justice Edmondson discusses public funds in relation to Eleventh Amendment immunity, his opinion does not support the proposition that by obtaining an insurance policy to protect public funds, the state waives immunity. In fact, it is generally held that obtaining liability insurance does not constitute a waiver of Eleventh Amendment immunity. *See Englehart v. Board of Regents for the Okla. Agric. And Mech. Coll.*, No. 15-C V-138-JED-PJC, 2016 WL 3645193, at *4 (N.D. Okla. Jun. 30, 2016) (citing *Thames v. Oklahoma Historical Soc.*, 646 F.Supp. 13, 15 (W.D. Okla. 1985)).

alleged violations of federal law brought against state officers acting in their official capacities. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (citing *Ex part Young*, 209 U.S. at 159-60. Plaintiff has not brought any official capacity claims here, and thus has not stated a claim for injunctive relief.[5]

### B. Individual Defendants

Plaintiff alleges that Defendant Sharon McCoy was the Warden supervising RedEagle. Plaintiff alleges that McCoy was aware that RedEagle was spending an excessive amount of time with Plaintiff in violation of policies, procedures, and regulations. Plaintiff alleges that McCoy was aware that Plaintiff was wearing panties other than prison issued garb and knew that something was wrong, such that she eventually moved Plaintiff to be away from RedEagle. Plaintiff alleges that McCoy turned a blind eye to RedEagle's inappropriate manipulation of Plaintiff's time and roster roll call. Plaintiff alleges that as the head of the facility, McCoy was responsible for review, supervision, and direct enforcement of policies. Plaintiff alleges that McCoy failed to personally supervise RedEagle and failed to enforce policies designed to protect female inmates.

The Amended Complaint gives McCoy fair notice of the claims and the grounds upon which they rest. Plaintiff plausibly pleaded that McCoy violated a constitutional right, that the constitutional right was clearly established at the time of the alleged misconduct, and that McCoy's conduct rose to the level of deliberate indifference. Accordingly, the motion to dismiss is denied as to McCoy.

---

[5] The court also notes that the *Ex parte Young* exception is narrow. There must be an ongoing violation of federal law. *Johns v. Stewart*, 57 F.3d 1544, 1552-53 (10th Cir. 1995). Moreover, notice and declaratory relief are barred unless ancillary to prospective injunctive relief. *Id*. at 1553. "The Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Id*. (citation omitted).

Defendants Penny Lewis, and Rabeckah Mooneyham are specifically mentioned only in paragraphs 6, 27, and 28 of the Amended Complaint. Plaintiff alleges that they were: (1) in the "Compliance Unit" tasked with enforcement of specific policies relevant to this case; (2) responsible for both issuance and review of policies regarding female inmates; and (3) responsible for creating and enforcing policies. Plaintiff also alleges that in 2018, all Defendants were provided with the results of an "Efficiency Review" of ODOC indicating that due to improper staffing, improper procedures to track inmates, and an outdated software system, the facilities are "dangerous to operate." Plaintiff further alleges that after being informed of the dangers to inmates, these Defendants failed not only to implement new policies, but also failed to enforce the existing policies to protect female inmates.

While Plaintiff's case against Lewis and Mooneyham is not as strong as her case against McCoy, the Amended Complaint gives Lewis and Mooneyham fair notice of the claims and the grounds upon which they rest. The court is also satisfied that Plaintiff plausibly pleaded that Lewis and Mooneyham violated a constitutional right, that the constitutional right was clearly established at the time of the alleged misconduct, and that Lewis and Mooneyham were deliberately indifferent. Accordingly, the motion to dismiss is denied as to Lewis and Mooneyham.

IV. **State Law Claims**

Plaintiff's state law claims, including the state constitutional law claims pursuant to *Bosh*, against these Defendants are barred by the GTCA. The Oklahoma Supreme Court has pointed out that after its ruling in *Bosh*, the State legislature responded by amending the GTCA to include immunity for violations of the Oklahoma Constitution. *Barrios v. Haskell Cnty. Pub. Facilities Auth., et al.*, 432 P.3d 233, 235-41 (Okla. 2018). In *Barrios*, the Court held that

7

"because these 'constitutional' torts are now clearly 'torts' governed by the GTCA, the GTCA's specific prohibition against tort suits arising out of the 'operation or maintenance of any prison, jail or correctional facility' bars the claims at issue here." *Id*. at 239 (citing 51 OKLA. STAT. § 155(25).

The court agreed with Plaintiff that this immunity provision is not applicable *as to the claims against RedEagle* because sexual assault – i.e. the acts upon which Plaintiff bases her claims against RedEagle – is not concomitant with the operation or maintenance of a correctional facility. The claims against the other Defendants, however, are based squarely on their alleged failures, policies, practices, and procedures in relation to their operation and maintenance of a correctional facility. Thus, the immunity provision applies. Additionally, the GTCA also prohibits claims against employees of the state "acting within the scope of employment." 51 OKLA. STAT. § 153(C). There are no allegations that McCoy, Lewis, or Mooneyham were not acting within the scope of employment. The state law claims, including the *Bosh* claims, are dismissed against ODOC, the Board, McCoy, Lewis, and Mooneyham.

V.  **Summary**

The motion to dismiss filed by ODOC, the Board, Sharon McCoy, Penny Lewis, Rabeckah Mooneyham, and Heather Carlson [Docket No. 22] is hereby granted in part, denied in part, and moot in part. All claims against ODOC and the Board are hereby dismissed. The federal claims against Defendants McCoy, Lewis, and Mooneyham remain, but the state law claims and any claims for declaratory and/or injunctive relief against them are dismissed. As she has been dismissed from this action, the motion is moot as to Heather Carlson.

**IT IS SO ORDERED** this 15th day of July, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**