Oklahoma Prison Rape Elimination Act.................................................................... 2
I.   Definitions ....................................................................................................... 2
   A.   PREA ..................................................................................................... 2
   B.   Sexual Assault Predator ....................................................................... 3
   C.   SANE/SAFE .......................................................................................... 3
   D.   Facility PREA Compliance Manager...................................................... 3
   E.   Youthful Inmate .................................................................................... 3
   F.   Voyeurism (by a staff member, contractor, or volunteer) ..................... 3
   G.   LGBQTI ................................................................................................. 3
   H.   Lesbian ................................................................................................. 3
   I.   Gay........................................................................................................ 3
   J.   Bisexual ................................................................................................ 4
   K.   Transgender .......................................................................................... 4
   L.   Intersex.................................................................................................. 4
   M.   Questioning ........................................................................................... 4
   N.   Sex ........................................................................................................ 4
   O.   Gender Nonconforming ......................................................................... 4
   P.   Gender Dysphoria (GD) ........................................................................ 4
   Q.   Substantiated Allegation ...................................................................... 4
   R.   Unsubstantiated Allegation ................................................................... 4
   S.   Unfounded Allegations .......................................................................... 4
II.  Zero Tolerance................................................................................................ 5
III. Definitions and Clarification of Prohibited Conduct ...................................... 6
   A.   Inappropriate Sexual Conduct (PREA 115.76(b)(c); 115.77(a)) .......... 6
   B.   Invasion of Privacy ............................................................................... 8
   C.   Sexual Assault Investigations (PREA 115.78(a))................................. 8
IV. Duties and Responsibilities ............................................................................ 9
   A.   Employees............................................................................................. 9
   B.   Investigators, Officers, Managers, Program Supervisors and Correctional
        Supervisors........................................................................................... 10
   C.   Medical/Mental Health Staff ................................................................. 11
V.  PREA Training ................................................................................................ 11
   F.   Specialized Training (PREA 115.34) .................................................... 13
VI. Inmate Orientation and Education (PREA 115.33; 115.233)........................... 14
   A.   Verbal and Written Information ............................................................. 14
   B.   Comprehensive Education .................................................................... 15
VII.   Screening/Assessment at Reception Centers (4-4281-2)........................... 16
VIII.  Screening/Assessment at Receiving Facilities (4-4281-4)................................ 17
IX. Use of Protective Custody and Segregation .................................................. 18
X.  Reporting/First Response to Sexual Abuse/Assault or Harassment ...................... 19
   B.   Initial Reports and Separation .............................................................. 19
   C.   Zero Tolerance ..................................................................................... 21
   D.   Retaliation/Monitoring.......................................................................... 21
XI. Reporting to Other Confinement Facilities (PREA 115.63; 115.263) ...................... 22
   A.   Notification (PREA 115.63) ................................................................... 22
   B.   General Investigatory Guidelines.......................................................... 23
   C.   Investigative Techniques ...................................................................... 23
   D.   Investigating Sexual Assaults .............................................................. 23
XII.   Notifications to Inmate Victims of Sexual Assault/Abuse ................................. 27
XIII.  Sexual Abuse Incident Reviews ................................................................
   A.   Review Team (PREA 115.86(d)) .......................................................
XIV.   ODOC Medical Services Responsibilities ................................................. 28

DEFENDANT'S
EXHIBIT

7

| Section-03 Facility Operations | OP-030601 | Page: 2 | Effective Date: 11/30/2018 |
|---|---|---|---|

A.   Provision of Medical Care for Inmates (Alleged Victims and Alleged Suspects)  29
B.   Guidelines for Medical Care and Investigations at Community Medical Facilities
     (4-4406) ............................................................................................... 29
C.   Mental Health Care Provider .................................................................. 29
XV.   Agency Reporting/Database Requirements ........................................... 30
D.   Records ................................................................................................. 30
XVI.   Confidentiality ...................................................................................... 32
XVII.    References ........................................................................................... 32
XVIII.    Action ................................................................................................ 33
     Referenced Forms ...................................................................................... 35
     Attachments ................................................................................................ 35

| Section-03 Facility Operations | OP-030601 | Page: 1 | Effective Date: 11/30/2018 |
|---|---|---|---|
| **Prison Rape Elimination Act** | **ACA Standards: 2-CO-1C-11, 4-4084, 4-4207, 4-4281M, 4-4281-1, 4-4281-2, 4-4281-3, 4-4281-4,    4-4281-5, 4-4281-6, 4-4281-7, 4-4281-8, 4-4406, 4-ACRS-6A-05, 4-APPFS- 3E-05** | | |
| **Joe M. Allbaugh, Director**<br>**Oklahoma Department of Corrections** | | **Signature on File** | |

# Oklahoma Prison Rape Elimination Act

It is the policy of the Oklahoma Department of Corrections (ODOC) to provide a safe, humane, and secure environment for all inmates. The agency supports and administers a program of education, prevention, detection, response, investigation and tracking of all reported acts of sexual assault, abuse and harassment. Punishment for the perpetrator is enforced.

The program includes treatment for the victim and the perpetrator and includes ongoing required support for the victim. The agency also provides education to inmates and staff regarding staff sexual misconduct and harassment.

During the admission process, all inmates are provided information about sexual assault, abuse or harassment to include:    prevention/intervention, self-protection, reporting sexual assault, treatment and counseling. (4-4281-1)

For the purpose of this procedure, the terms "staff" and "employee" includes all ODOC employees, contract personnel, contract employers, volunteers, official visitors or other agency representatives. (PREA 115.77(a)) The term "facility" shall refer to all state institutions, community centers and private prisons.

I.    Definitions

     A.    PREA

          The Prison Rape Elimination Act of 2003, an Act signed into law with the goal of preventing, detecting and responding to sexual abuse occurring in confinement facilities.

B.    <u>Sexual Assault Predator</u>

An inmate who has been identified and documented in the Offender Management System (OMS) as one who sexually abuses other inmates within the correctional setting.

C.    <u>SANE/SAFE</u>

SANE- Acronym for "Sexual Assault Nurse Examiner." Medical staff specially trained in the examination and collection of forensic evidence pursuant to a sexual assault.

SAFE- Acronym for "Sexual Assault Forensic Examiner." Medical staff specifically trained to provide forensic examinations to sexual assault victims.

D.    <u>Facility PREA Compliance Manager</u>

A deputy warden or community center director designated by the facility/unit head at each facility to assist the facility/unit head in ensuring elements of the PREA Act are met in a coordinated fashion.

E.    <u>Youthful Inmate</u>

Any person under the age of 18 who is under adult court supervision and incarcerated or detained in a prison or jail.

F.    <u>Voyeurism (by a staff member, contractor, or volunteer)</u>

An invasion of privacy of an inmate, detainee, or resident by staff for reasons unrelated to official duties, such as: peering at an inmate who is using a toilet in his or her cell to perform bodily functions; requiring an inmate to expose his or her buttocks, genitals, or breasts; or taking images of all or part of an inmate's naked body or of an inmate performing bodily functions.

G.    <u>LGBQTI</u>

Acronym for a group of sexual minorities including: lesbian, gay, bisexual, transgender, questioning and intersex individuals.

H.    <u>Lesbian</u>

Commonly refers to women typically sexually attracted to other women.

I.    <u>Gay</u>

Commonly refers to men typically sexually attracted to other men.

| Section-03 Facility Operations | OP-030601 | Page: 4 | Effective Date: 11/30/2018 |

J.    Bisexual

A person who is romantically or sexually attracted to more than one gender or sexual category.

K.    Transgender

A person whose gender identity differs from their birth sex.

L.    Intersex

A condition in which a person is born with external genitalia, internal reproductive organs, chromosome patterns, and /or an endocrine system that does not fit typical definitions of male or female.

M.    Questioning

Active process in which a person explores her or his own sexual orientation and/or gender identity and questions the cultural assumptions that they are heterosexual and/or gender conforming.

N.    Sex

The sex of individuals assigned at birth based on observed genitalia.

O.    Gender Nonconforming

The term used when behavior or gender expression by an individual different from societal expectations related to gender.

P.    Gender Dysphoria (GD)

A condition where there is clinically significant discontent or distress with one's sex assigned at birth and/or the gender roles associated with that sex.

Q.    Substantiated Allegation

An allegation that was investigated and determined to have occurred.

R.    Unsubstantiated Allegation

An allegation that was investigated and the investigation produced insufficient evidence as to whether or not the event occurred.

S.    Unfounded Allegations

An allegation that was investigated and determined not to have occurred.

| Section-03 Facility Operations | OP-030601 | Page: 5 | Effective Date: 11/30/2018 |

II.   <u>Zero Tolerance</u>

ODOC maintains a zero tolerance for inmate-on-inmate sexual assault, staff sexual misconduct and sexual harassment toward inmates. Every allegation of sexual assault, abuse, misconduct and harassment is thoroughly investigated. PREA posters will be displayed throughout each facility and will be visible to all staff, inmates, and visitors. (2-CO-1C-11, 4-4281, 4-ACRS-6A-05, 4-APPFS-3E-05) (PREA 115.11; 115.211)

When the agency learns an inmate is subject to substantial risk of imminent sexual abuse, it shall take immediate action to protect the inmate. (PREA 115.62 (a); 115.262 (a))

Victims of forced and/or pressured sexual acts may suffer severe physical and psychological harm and could possibly be infected with a life-threatening disease. Consequently, each facility shall implement a Sexual Assault Prevention Program that includes: prevention, detection, response, and prosecution/discipline of assailants.

The prohibited conduct identified below applies to all employees, volunteers and contract staff of ODOC. Sexual conduct between staff and inmates is strictly prohibited, subject to administrative disciplinary sanctions and referral for prosecution (21 O.S. § 1111. 7). (4-4281-6)(PREA 115.76(d))

A.   The agency shall designate a Prison Rape Elimination Act (PREA) coordinator to oversee agency efforts to comply with PREA standards. This position shall have sufficient time and authority to develop, implement and oversee the agency's efforts to comply. (PREA 115.11(b)(c)); 115.211 (b)(c))

1.   A deputy warden at each facility (minimum security and above) shall serve as the facility PREA Compliance Manager (PCM) with overall responsibility of coordinating facility efforts to comply with PREA standards. (PREA 115.11(c)) An alternate PCM shall also be designated.

2.   Community center directors  shall serve as the point of contact for PREA related issues and compliance.

3.   The PCM and designated staff at community centers shall make recommendations regarding any treatment, counseling or special housing needed for those inmates identified as predators or victims.

B.   All staff and inmates shall be responsible for being alert to signs of potential situations in which assaults or abuse could occur.

C.   Staff shall be aware of each inmate's state of undress during times inmates may be showering, changing clothes or performing bodily functions.

| Section-03 Facility Operations | OP-030601 | Page: 6 | Effective Date: 11/30/2018 |
|---|---|---|---|

1.    Minimum, medium and maximum facilities shall ensure that at the beginning of each shift an announcement is made in the housing units notifying inmates that staff of the opposite gender will enter or be present on the housing unit during the shift.

2.    When the gender of the staff on the housing unit changes to the opposite gender, a notification will be made to inmates announcing the staff member's presence when entering an inmate housing unit. (PREA 115.15 (d))

3.    Community centers shall require staff of the opposite gender to announce their presence when entering an area where inmates are likely to be showering, performing bodily functions, or changing clothing. (PREA 115.215 (d))

4.    Facilities will ensure signage in areas such as housing, shower, and restroom areas indicating opposite gender staffing and the inmate's responsibility to be in a state of dress at all times.

5.    An inmate shall be able to shower, perform bodily functions and change clothing without non-medical staff of the opposite gender viewing their breasts, buttocks, or genitalia, except in exigent circumstances or when such viewing is incidental to routine cell checks. (PREA 115.15 (d), 115.215(d))

D.    Each facility shall ensure written policy and practice of having intermediate level or higher-level supervisors conduct and document unannounced rounds during day and night shifts to identify and deter staff sexual abuse and sexual harassment. (PREA 115.13 (d))

1.    These rounds will be documented in shift logs.

2.    Staff are prohibited from alerting other staff members that these supervisory rounds are occurring unless such announcement is related to the legitimate operational functions of the facility. (PREA 115.13(d))

III.    <u>Definitions and Clarification of Prohibited Conduct</u>

There shall not be any standard higher than a preponderance of the evidence in determining whether allegations of sexual abuse or sexual harassment are substantiated. (PREA 115.72)

The presumptive disciplinary sanction for staff who have engaged in sexual abuse of an inmate is termination. (PREA 115.76(b), 115.276(b))

A.    <u>Inappropriate Sexual Conduct (PREA 115.76(b)(c); 115.77(a))</u>

| Section-03 Facility Operations | OP-030601 | Page: 7 | Effective Date: 11/30/2018 |

1. Sexual Abuse, Assault, Rape

   a. Sexual abuse and/or rape includes, but is not limited to; sexual intercourse, oral or anal sodomy, sexual acts with instruments, sexual assault with an object, sexual fondling of a person, or sexual exploitation.

      (1) In addition, rape is defined as, sexual intercourse that is forced, against that person's will, by coercion or by fear or threat of physical violence or bodily injury.

      (2) Rape and related sex crimes may also be defined by Oklahoma statute and include, but are not necessarily limited to, the elements defined in each crime (21 O. S. § 1111, 1111.1, 886, 888, 1123).

   b. Effective November 1, 2000, sodomy committed by a state, county, municipal or political subdivision employee or a contractor or an employee of a contractor of the state, a county, a municipality or political subdivision of this state upon a person who is under the legal custody, supervision or authority of a state agency, a county, a municipality or a political subdivision of this state is defined by law as a felony (21 O.S. § 888).

2. Sexual Contact/Intimacy/Battery

   a. The intentional touching, mauling or feeling, either directly or through clothing, of the genitalia, anus, groin, breast, inner thighs or buttocks, or kissing, of any inmate, when such touching is unrelated to the necessary performance of job duties. Conversation or correspondence which may demonstrate or suggest a romantic or intimate relationship exists.

   b. Sexual battery committed by a state, county, municipal or political subdivision employee or a contractor or an employee of a contractor of the state, county, municipality or political subdivision of this state upon a person who is under the legal custody, supervision or authority of a state agency, a county, a municipality or a political subdivision of this state is defined by law as a felony. 21 O.S. § 1123.

3. Sexual Harassment

   a. Repeated sexually offensive comments, gestures or any physical conduct which is of a sexual nature or sexually suggestive.

| Section-03 Facility Operations | OP-030601 | Page: 8 | Effective Date: 11/30/2018 |

    b.    Influencing, promising or threatening an inmate's safety, custody or security level (including recommendations for court actions), privacy, housing, privileges, work detail or program status in exchange for sexual favors.

    c.    Creating an intimidating, hostile or offensive environment for an inmate or others by engaging in or permitting sexually offensive behavior or language that is directed at or observable by inmates or others.

B.    <u>Invasion of Privacy</u>

The act of observing, attempting to observe, or interfering in an inmate's personal, intimate routines unrelated to the necessary performance of required job duties.

C.    <u>Sexual Assault Investigations (PREA 115.78(a))</u>

For purposes of reporting and investigation, sexual assault is categorized as one of the following:

1.    Inmate-on-Inmate

    a.    Non-Consensual Sexual Acts

    Contact of any inmate without his or her consent or of an inmate who is unable to consent or refuse; and one or more of the following: contact between the penis and the vagina or the penis and the anus including penetration, however slight; contact between the mouth and the penis, vagina or anus; or penetration of the anal or genital opening of another person by a hand, finger, or other object.

    b.    Abusive Sexual Contacts

    Contact of a sexual nature of any inmate without his or her consent or of an inmate who is unable to consent or refuse. Such acts may include kissing, intentional touching, either directly or through clothing of the genitalia, anus, groin, breast, inner thigh or buttocks. This does not include contact in which the intent was to debilitate the inmate.

2.    Staff-on-Inmate

    a.    Staff Sexual Misconduct

    Any behavior or act of a sexual nature toward an inmate by an employee, consensual or nonconsensual, including, but not limited to:

    (1)    Intentional touching of the genitalia, anus, groin, breast, inner thigh, or buttocks with the intent to abuse, arouse, or gratify sexual desire;

    (2)    Kissing;

    (3)    Sexual intercourse;

    (4)    Completed, attempted, threatened, or requested sexual acts;

    (5)    Occurrences of indecent exposure, invasion of privacy; or

    (6)    Staff voyeurism for sexual gratification.

b.    Staff Sexual Harassment

Repeated verbal statements or comments of a sexual nature to an inmate by an employee, including one or more of the following: demeaning references to gender or derogatory comments about body or clothing or repeated profane or obscene language or gestures.

Due to the inmate's custody or supervision status and in accordance with Oklahoma Statute 21 O.S. § 1111.1 and this procedure, no prohibited act of sexual misconduct or harassment between a staff member and an inmate can have as an affirmative defense, a claim of consent.

IV.    <u>Duties and Responsibilities</u>

A.    <u>Employees</u>

All employees shall be responsible for:

1.    Adhering to these procedures by ensuring that their conduct does not constitute or promote sexual assault, abuse or harassment, nor in any other way violate the provisions of these procedures.

2.    Treating all reported incidents of prohibited conduct seriously and ensure that known, suspected acts or allegations of sexual assault are reported immediately to the supervisor or higher authority and referred to the Office of Fugitive Apprehension and Investigations (OFAI) for investigation in accordance with OP-040117 entitled "Investigations." (4-4281-3) Failure to report will result in employee discipline.

| Section-03 Facility Operations | OP-030601 | Page: 10 | Effective Date: 11/30/2018 |
|---|---|---|---|

3. Staff is prohibited from revealing any information related to sexual abuse to anyone other than to the extent necessary (i.e.; designated supervisors or official and designated state and local service agencies) for treatment, investigation and other security and management decisions. (PREA 115.61 (b))

4. Providing complete cooperation and full disclosure during any inquiry or investigation into alleged acts of sexual assault, abuse, harassment or retaliation.

5. Reporting Abuse of Inmate Under 18

   In accordance with state law (Title 10A, Section 1-2-101), any employee who has reasonable cause to know or to suspect that an inmate under the age of eighteen (18) has been subject to physical or sexual abuse or who has observed the inmate being subjected to circumstances of physical and/or sexual abuse shall immediately report or cause to be reported such situation to the Oklahoma Department of Human Services. Such report shall be made using the Child Abuse Hotline, 1-800 522-3511. All reports shall be documented using the "Sexual Assault Report, Part A" (Attachment C) and forwarded through the chain of command to the OFAI and Agency PREA coordinator. (PREA 115.61 (d), 115.261(d))

6. Staff shall not make judgments or assumptions about the credibility of an alleged victim, suspect, or witness of sexual abuse or harassment. (PREA 115.71 (e), 115.271(e))

7. Any contractor or vendor providing goods or services shall be escorted and/or visually observed by staff upon making any entrance onto facility grounds and shall remain under escort and/or visual observation until they exit the facility.

B. Investigators, Officers, Managers, Program Supervisors and Correctional Supervisors

1. Staff, as indicated above, shall be responsible for:

   a. Ensuring all substantiated allegations of prohibited conduct are referred appropriately for disciplinary action; (115.78(a))

   b. Ensuring all victims who report sexual abuse/assaults are appropriately referred for medical and mental health evaluation/assessment and for crisis intervention counseling and follow-up in accordance with OP-140118 entitled "Emergency Care"; (4-4406) (PREA 115.82)

   c. Ensuring adequate measures are taken to provide separation between the alleged victim and alleged suspect,

while ensuring that such separation does not represent a form of punishment for the alleged victim; (PREA 115.64 (a)(1))

 d. Ensuring all inmates or staff members found guilty of committing sexual assault are disciplined in accordance with agency procedures and will be referred for criminal prosecution by the OFAI (PREA 115.71 (h)); 115.76(d); 115.78(a)); and

 e. Ensuring any instance of alleged sexual assault is reported appropriately through their chain of command and ensuring the confidentiality of victims in incidents of inmate sexual assault towards inmates is not compromised. (PREA 115.51(b))

C. <u>Medical/Mental Health Staff</u>

 1. The agency chief mental health officer ensures each facility unit employs, or has access to, the services of a mental health professional that has a scope of practice, training and/or experience in trauma counseling. Contract facilities shall also ensure inmate access to mental health services.

 2. Medical and mental health staff/providers shall report sexual abuse and shall inform all inmates during the initial orientation of the staff/provider's duty to report and the limitations of confidentiality at the initiation of services. (PREA 115.61 (c); 115.261(c))

V. <u>PREA Training</u>

All staff who may have contact with inmates shall receive training to emphasize the zero tolerance of sexual abuse/harassment, aid in the prevention of sexual abuse and harassment of inmates and promote awareness of the serious impact of sexual victimization within the correctional setting. (4-4084) (PREA 115.31; 115.231; 115.32 (a))

A. All newly hired ODOC employees shall receive the booklet "Sexual Misconduct and Harassment" (Attachment A, attached).

B. All ODOC staff, contract staff, non-agency inmate work crew supervisors, volunteers and interns shall review  their contract and procedures and be trained to: (PREA 115.32)

 1. Understand the agency's zero tolerance for sexual abuse or harassment and retaliation against an inmate or employee in any form as a result of reporting an allegation of sexual abuse/harassment.

*2.*     Recognize the physical, behavioral and emotional signs of sexual assault and the dynamics of sexual abuse and sexual harassment in confinement.

3.      The inmate's right to be free from sexual abuse and harassment.

4.      How to avoid inappropriate relationships with inmates.

5.      How to communicate effectively and professionally with lesbian, gay, bisexual, transgender, questioning, intersex, or gender non-conforming inmates.

6.      How to detect and respond to signs of threatened and actual sexual abuse.

7.      Understand the agency policy and protocols regarding prevention, detection reporting and response when an alleged sexual assault occurs.

C.      Training related to the prevention, detection, reporting and response of sexual abuse and harassment shall be a part of orientation/pre-service training in accordance with OP-100101 entitled "Employee Development." (PREA 115.31,115.32 (a); 115.231; 115.232(a))

1.      All employees receive this training as part of the orientation and/or pre-service curriculum.

2.      All employees with inmate contact will receive annual training at their facility/unit.  Volunteers who have inmate contact will receive PREA training as part of initial orientation and then every other year thereafter.  Such training will be documented and include a review of this procedure and the employees and volunteers' responsibilities to prevent and report sexual abuse and harassment as well as other relevant PREA-related material. (PREA 115.31 (c); 115.32 (a); 115.231(c); 115.232(a))

3.      Contract staff whose primary duties include teaching, training or supervising inmates, shall receive training on the agency's zero tolerance policy regarding sexual abuse and sexual harassment and how to report such incidents.

D.      PREA training shall be tailored to the gender of the inmates at the employee's facility/unit. (PREA 115.31 (b))

If an employee changes work locations, the newly assigned facility/unit shall ensure that additional training is provided for such staff that may have transferred from a male facility to female facility or from a female facility to male facility.

| Section-03 Facility Operations | OP-030601 | Page: 13 | Effective Date: 11/30/2018 |

E.   Upon initial hire/service or during contract orientation for inmate crew supervisors, employees, volunteers or contractors will acknowledge the receipt of the "Sexual Misconduct and Harassment" booklet (Attachment A) during initial enrollment/orientation. This documentation will be retained in the employee personnel file or volunteer/contract file.

    1.   All employees will receive a copy of this procedure at pre-service training or orientation.

    2.   The facility/unit shall ensure all employees/volunteers and contractors sign and acknowledge verification confirming their understanding of the PREA training received utilizing the "Oklahoma Prison Rape Elimination Act Staff Training Acknowledgment" form (Attachment F, attached) or the "Oklahoma Prison Rape Elimination Act Volunteer/Contractor Acknowledgement" form (Attachment G, attached) This documentation will be retained in the employee/volunteer or contractor/personnel file. (PREA 115.31 (d); 115.32 (c))

F.   Specialized Training (PREA 115.34)

    1.   Specialized training is provided for employees who may respond, as part of their job duties, to reported incidents of sexual assault. This training may include, but is not limited to: crime scene management, elimination of contamination in accordance with OP-140125 entitled "Bloodborne Pathogen Exposure Control Program," evidence collection protocol and crisis intervention. (PREA 115.34 (a); 115.35 (a))

    2.   ODOC Fugitive Apprehension and Investigations Agents

        Such training shall include conducting sexual abuse investigations in confinement settings. Documentation of training will be retained in the employee personnel file. (PREA 115.34 (a) (c); 115.71 (b))

    3.   Medical and Mental Health (full and part-time)

        Mental Health and medical staff will be provided training to detect and assess signs of sexual abuse and/or predation, preserve evidence of sexual abuse, respond to sexual assault victims, and knowledge of department procedures in regard to the PREA reporting process. Documentation shall be retained in the employee's file. (PREA 115.35 (a)(1,2,3,4))

    4.   If medical staff employed by the agency is authorized to conduct forensic examinations, such medical staff shall receive the appropriate training to conduct such examinations. Documentation shall be retained in the employee's file. (PREA 115.35; 115.235)

| Section-03 Facility Operations | OP-030601 | Page: 14 | Effective Date: 11/30/2018 |
|---|---|---|---|

VI.   Inmate Orientation and Education (PREA 115.33; 115.233)

Every inmate will receive a written copy of the agency's orientation material in formats or through methods to ensure effective communication. Inmates whose primary language is not English will normally be provided a copy or translation of the orientation material in their own language.  If literacy problems, intellectual disabilities/disabilities (visual/hearing impairments) exist, the inmate will be assisted in understanding the material.  (PREA 115.16(a); 115.16 (b))

All inmate education shall be provided to inmates by staff. No inmate interpreters will be utilized except in exigent circumstances. However, approved community or facility volunteers maybe utilized. (PREA 115.16 (c))

The agency is not required to take actions that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity, or in undue financial and administrative burdens, as those terms are used in regulations promulgated under Title II of the Americans With Disabilities Act, 28 CFR 35.164. (PREA 115.16 (a))

A.   Verbal and Written Information

1.   During assessment and reception, all new inmates will receive verbal and written information about sexual abuse and harassment. This information will address the agency and facility zero tolerance standard, prevention/intervention, self-protection, how to report acts or suspicions of sexual abuse, assaults or harassment by inmates or staff to include reporting utilizing the inmate PREA hotline. The inmate PREA hotline phones shall have instructions for use posted in a conspicuous location on or near the phones. (PREA 115.33 (a))

2.   Inmates will also be informed of treatment and counseling services available pertaining to aspects of sexual assaults.

3.   Additionally, inmates will be informed of sanctions for making false allegations. This information shall also be provided to inmates during initial orientation at all facilities. (4-4281-1, 4-4281-7)(PREA 115.52(g); 115.78(f))

4.   Upon transfer to a different facility, the inmate will receive orientation in regard to PREA policies and procedures which may differ from a previous facility. Community centers shall provide refresher information to transferred inmates.

a.   The facility shall maintain documentation of the inmate's orientation/education. utilizing the "Oklahoma Prison Rape Elimination Act Zero Tolerance Acknowledgments for Inmates" form (Attachment E, attached) or the ""Oklahoma Prison Rape Elimination Act Zero Tolerance

| Section-03 Facility Operations | OP-030601 | Page: 15 | Effective Date: 11/30/2018 |

Acknowledgments for Inmates (Spanish) (Attachment E-1, attached).

    b.    Documentation shall be placed in section three of the inmate field file.

B.    <u>Comprehensive Education</u>

Within 30 days of intake, the facility where the inmate is housed shall provide the following comprehensive education to inmates either in person or through video regarding:

1.    The inmate's right to be free from sexual abuse and harassment from inmates and staff;

2.    How to protect themselves from incidents of sexual abuse and harassment from inmates or staff;

3.    That staff of the opposite gender will enter or be present on the housing units at any time;

4.    The facility rules and procedures on showering, performing bodily functions, and maintaining an expected state of dress;

5.    Reporting of sexual abuse/harassment; retaliation by other inmates or staff for reporting sexual abuse or harassment and staff neglect or violation of responsibilities that may have contributed to such incidents. (PREA 115.51(a)) This will include information that the inmate victim has the option to report the incident to a designated staff member or any other staff. Other reporting methods include: facility/unit head, third party contacts, GTL hotline, sick call, request to staff, anonymous, OFAI or the Oklahoma State Bureau of Investigations (OSBI); (PREA 115.51(b))

6.    Treatment and counseling; and

7.    ODOC's zero tolerance for sexual abuse or harassment.

C.    Information regarding these topics is included in the ODOC "Inmate Rules and Regulations Handbook" and the booklet entitled "Inmates' Guide to Sexual Misconduct" (Attachment B, attached) which will be made available to all inmates during the assessment and reception orientation.

D.    The facility/unit head shall designate staff to monitor inmate access to handbooks and ensure information regarding sexual abuse and harassment is continuously and readily available or visible to inmates through posters or other written formats. (PREA 115.33; 115.233)

| Section-03 Facility Operations | OP-030601 | Page: 16 | Effective Date: 11/30/2018 |

VII.   <u>Screening/Assessment at Reception Centers</u> (4-4281-2)

All inmates receive a mental health screening and/or evaluation, conducted by a trained mental health professional during the initial reception and assessment process within 24 hours of arrival in accordance with <u>OP-140114</u> entitled "Screening New Arrivals." This screening and/or evaluation include potential vulnerabilities or risks of being sexually abused by other inmates or being sexually abusive towards other inmates. These screenings and or evaluations are conducted by a qualified mental health professional. (4-4281-4, 4-4281-5) (PREA 115.41; 115.241)

If the screening indicates an inmate has experienced or perpetrated prior sexual victimization, whether it occurred in an institutional setting or in the community setting, staff shall ensure the inmate is offered a follow-up meeting with a mental health provider within 14 days of the intake screening. (PREA 115.81(a)(b); 115.83(h))

A.   Inmates with a history of sexually violent behavior are identified, monitored in accordance with <u>OP-060106</u> entitled "Non-Associations and Protective Measures." (4-4281-4) Inmates will be offered counseling by a qualified mental health professional.

B.   Inmates at risk for sexual victimization are identified by mental health or intake staff, and monitored by mental health, case management or security staff. Inmates are counseled by mental health staff. (4-4281-5) Risk factors for inmates included in this category are: younger, older, of small stature, first time inmates, mental or physically disabled, serving incarceration for a sexual related offense, prior institutional victimization, LGBTQI orientation, or perceived by other inmates as weak. (PREA 115.41; 115.241)

1.   The facility shall use information from the risk screening evaluation in accordance with <u>OP-030102, Attachment A</u> entitled "Cell Assessment Form" in order to inform staff making housing, work, education, and program assignments; with the goal of keeping those inmates who are at risk of being sexually victimized separate from those at high risk of being sexually abusive.(PREA 115.42(a); 115.81(d))

a.   Each facility shall make individualized determinations about how to best ensure the safety of each inmate.(PREA 115.42(b))

b.   In deciding whether to assign a transgender or intersex inmate to a facility for male or female inmates, and in making other housing and programming assignments, the facility shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether

| Section-03 Facility Operations | OP-030601 | Page: 17 | Effective Date: 11/30/2018 |
|---|---|---|---|

the placement would present management or security problems. (PREA (115.42(c); 115.242(c))

    c.    Placement and programming assignments for each transgender or intersex inmates shall be reassessed at least twice each year to review any threats to safety experienced by the inmate. (PREA 115.42(d))

    d.    A transgender or intersex inmate's own views with respect to his or her own safety shall be given serious consideration. (PREA 115.42(e))

    e.    Transgender and intersex inmates shall be given the opportunity to shower separately from other inmates. (PREA 115.42(f))

    f.    Searches of transgender or intersex inmates will be conducted in accordance with OP-040110 entitled "Search and Seizure Standards."

    g.    Management of gender nonconforming inmates will be handled in accordance with OP-140147 entitled "Management of Gender Nonconforming Inmates."

    h.    The agency shall not place lesbian, gay, bisexual, transgender, or intersex inmates in dedicated facilities, units, or wings solely on the basis of such identification or status, unless such placement is in a dedicated facility, unit, or wing established in connection with a consent decree, legal settlement, or legal judgment for the purpose of protecting such inmates. (PREA (115.42(g); 115.242(g))

2.    As determined by classification or mental health staff and whenever possible, a single occupancy cell will be assigned in accordance with OP-140201 entitled "Mental Health Services Duties and Responsibilities" and OP-030102 entitled "Inmate Housing."

3.    Any housing concerns noted during the mental health screening regarding an inmate's history of sexual abuse-victimization or sexual predatory behavior is communicated to the facility job and housing coordinator for entry into the inmate's record. (4-4281-2)

4.    Facilities will ensure appropriate control, for dissemination of information collected through the screening process in order to ensure that sensitive information is not exploited to the detriment of the inmate by staff or other inmates. (PREA 115.41 (c))

VIII.    <u>Screening/Assessment at Receiving Facilities</u> (4-4281-4)

| Section-03 Facility Operations | OP-030601 | Page: 18 | Effective Date: 11/30/2018 |

A. Intake screening will be done in accordance with OP-030102 entitled "Inmate Housing." Any inmate who at any time displays predatory behavior or the potential for victimization is referred by the facility head/designee for appropriate mental health evaluation within 14 days.(PREA 115.81(a))

B. If an inmate is identified as a High Risk Sexual Predator (HRSP) or as a victim/potential victim at any time during his/her incarceration, the inmate will be evaluated for appropriate housing and programs.

IX. **Use of Protective Custody and Segregation**

A. Inmates at high risk for sexual victimization shall not be placed in involuntary segregated housing unless an assessment of all available alternatives has been made, and a determination has been made that there is no available alternative means of separation from likely abusers. If a facility cannot conduct such an assessment immediately, the facility may hold the inmate in involuntary segregated housing for no more than 24 hours while completing the assessment. (PREA 115.42(a))

B. Inmates placed in segregated housing for this purpose shall have access to programs, privileges, education, and work opportunities to the extent possible. If the facility restricts access to programs, privileges, education or work opportunities the facility shall document: (PREA 115.42(b))

  1. The opportunities that have been limited;

  2. The duration of limitation; and

  3. The reasons for such limitations.

C. The facility shall assign such inmates to involuntary segregated housing only until an alternative means of separation from likely abusers can be arranged, and such an assignment shall not ordinarily exceed a period of 30 days. (PREA 115.42(c))

D. If an involuntary segregated housing assignment is made pursuant to paragraph (a) of this section, the facility shall clearly document: (PREA 115.42(d))

  1. The basis for the facility's concern for the inmate's safety; and

  2. The reason why no alternative means of separation can be arranged.

E. Every 30 days, the facility shall afford each such inmate a review to determine whether there is a continuing need for separation from the general population. (PREA 115.42(e))

F.     Inmates who have alleged to have suffered sexual abuse are subject to the above requirements. (PREA 115.68)

X.     Reporting/First Response to Sexual Abuse/Assault or Harassment

A.     All staff, volunteers and contractors shall immediately report to their supervisor or higher authority;

1.     Any knowledge, suspicion, or other information regarding an incident of sexual abuse, assault or harassment that occurred in a facility/unit or other location, whether or not it is part of the agency;

2.     Retaliation against inmates or staff who reported such incidents; and

3.     Any staff neglect or violation of responsibilities that may have contributed to an incident or retaliation. (PREA 115.61 (a))

Staff, volunteers or contractors shall accept reports made verbally, anonymously, in writing and from third parties. Verbal reports shall be documented in an "Incident/Staff Report (OP-050109, Attachment A) in accordance with OP-050109 entitled "Reporting of Incidents." (PREA 115.51, 115.51 (c); 115.251(c))

All incidences of sexual abuse/assault or harassment, including third party and anonymous reports, will be reported to the OFAI. The facility head/unit head will ensure immediate verbal notification to the director of OFAI or the OFAI duty officer, if physical evidence can be gathered. If physical evidence is not present due to the assault occurring more than 120 hours prior to notification or the event is defined as abusive sexual contact or sexual harassment rather than a non-consensual sexual act, notification will be made by 9:00 a.m. the following business day to the director of OFAI. (PREA 115.61 (e); 115.261(e)) Staff may privately report allegations or incidents of sexual abuse/assault or harassment of an inmate to the OFAI, PREA Hotline at 405-425-2493 or 1-855-871-4139, as well as preareport@doc.state.ok.us. (PREA 115.51; 115.51(d)'; 115.251(d))

An investigation is conducted and documented whenever an allegation of sexual abuse or harassment is reported in accordance with OP-040117 entitled "Investigations." Such allegations are treated with discretion and, to the extent permitted by law, confidentially. The "Sexual Assault Report" (Part A, B and C) (Attachment C, attached) is completed and forwarded to the OFAI and Agency PREA coordinator for all allegations of sexual abuse and harassment.

B.     Initial Reports and Separation

1.     Any inmate may report acts of sexual assault, abuse or harassment to any employee, contract employee or volunteer using available

| Section-03 Facility Operations | OP-030601 | Page: 20 | Effective Date: 11/30/2018 |

methods of communication, including but not limited to: verbal reports, "Inmate Grievance Process Request to Staff" (DOC 090124D) and/or sick call (DOC 140117A entitled "Request for Health Services").

2.      Upon learning of an allegation that an inmate was sexually abused:

   a.      If the first staff member to respond is a correctional officer the following shall be required: (PREA 115.64 (a)):

      (1)      Separate the alleged victim and abuser; (PREA 115.64(a); 115.82(b))

      (2)      Preserve and protect any crime scene until appropriate steps can be taken to collect any evidence; (PREA 115.64(a)(2))

      (3)      If the abuse occurred within a time period that still allows for the collection of physical evidence, request that the alleged victim not take any actions that could destroy physical evidence, including, as appropriate, washing, brushing teeth, changing clothes, urinating, defecating, smoking, drinking, or eating; and (PREA 115.64(a)(3))

      (4)      If the abuse occurred within a time period that still allows for the collection of physical evidence, ensure that the alleged abuser does not take any actions that could destroy physical evidence, including, as appropriate, washing, brushing teeth, changing clothes, urinating, defecating, smoking, drinking, or eating. (PREA 115.64(a)(4))

   b.      If the first staff responder is not a security staff member, the responder shall be required to request that the alleged victim not take any actions that could destroy physical evidence, and then notify security staff. (PREA 115.64(b))

3.      Anyone that receives a report of alleged or suspected sexual abuse or harassment from an inmate, whether verbally or in writing will immediately notify the supervisor and complete the "Sexual Assault Report, Part A" (Attachment C).

4.      The supervisor, through his/her chain of command, should ensure the alleged victim and alleged suspect are physically separated, either through the placement of one or both inmates in segregation, through staff transfer or leave options (including suspension), or other effective means. Once separated, designated staff conducts preliminary interviews with inmates regarding inmate on inmate

| Section-03 Facility Operations | OP-030601 | Page: 21 | Effective Date: 11/30/2018 |

alleged sexual abuse or harassment. (PREA 115.64 (a)(1); 115.77(a);115.82(b))

5.    The supervisor handling the incident response shall complete the "PREA Response Checklist" (Attachment H, attached) and include with all other reports of the incident in accordance with Section IX. item A. of this procedure.

6.    The alleged victim will be immediately taken to medical services for initial evaluation when any immediate first aid treatment is needed.(PREA 115.82(a))

7.    In incidents where it is conceivable that physical evidence may exist, the OFAI will be immediately contacted for sexual assault response determination prior to inmates being transported to sexual assault examination sites to undergo examination.

8.    With the alleged victim's and the investigator's consent, the case manager and/or the approved Rape Advocate may sit in on OFAI interviews. Any notes taken by the Rape Advocate will be limited to the notation of emotional status and forwarded to mental health staff. Notes shall not reflect investigative information.

C.    <u>Zero Tolerance</u>

When no physical evidence is present the director of OFAI or designee may authorize the reporting official to investigate allegations of inmate on inmate sexual assault (touching) or inmate on inmate and staff on inmate harassment. Compliance for zero tolerance may be demonstrated through the misconduct process or separation. The facility will complete Attachment C (Parts A, B, and/or C) as applicable and submit these attachments to the director of OFAI and Agency PREA coordinator at the conclusion of their investigation.

D.    <u>Retaliation/Monitoring</u>

The facility shall ensure any inmate or staff reporting allegations of sexual abuse or sexual harassment or cooperate in an investigation involving such allegations are protected from retaliation by other inmates or staff. The facility/unit head shall designate staff to monitor retaliation and take appropriate action(s) to include: (PREA 115.67 (a)(e))

1.    Employing protective measures, such as housing changes or transfers for inmate victims or abusers;

2.    Removal of alleged staff or inmate abusers from contact with victims; (PREA 115.67 (b))

3. Engaging emotional support services such as mental health services for inmates and the Employee Assistance Program for staff who fear retaliation for reporting sexual abuse or harassment or for cooperating with investigations; and

4. For at least 90 days following a report of sexual abuse, a facility designated monitor(s) shall assess the conduct and treatment of the inmates or staff who reported the abuse and of inmates who were reported to have suffered sexual abuse for changes that may suggest possible retaliation by inmates or staff. Findings shall be reported to the facility/unit head who shall act promptly to remedy any such retaliation. The facility monitoring will include: (PREA 115.67 (c))

   a. Inmate discipline or misconducts;

   b. Housing, program or classification changes;

   c. Negative job/performance reviews;

   d. Reassignment of staff;

   e. If the inmate or staff is transferred during this 90 day period, the facility head of the current facility shall notify the receiving facility head of the continued need for monitoring; (PREA 115.67(c); 115.267(c))

   f. The agency shall continue such monitoring beyond 90 days if the initial monitoring indicates a continuing need; and (PREA 115.67 (c))

   g. In the case of inmates, such monitoring shall also include periodic status checks. (PREA 115.67 (d))

5. Monitoring of staff and inmates shall be documented utilizing the "Inmate Protection Against Retaliation" form (Attachment I, attached) or the "Staff Protection Against Retaliation" form (Attachment J, attached).

6. The facility/unit obligation to monitor shall terminate if the OFAI determines the allegation is unfounded. (PREA 115.67 (f); 115.267 (f))

XI. Reporting to Other Confinement Facilities (PREA 115.63; 115.263)

   A. Notification (PREA 115.63)

      Upon receiving an allegation of an inmate being sexually abused while confined at another facility/unit or contract facility, the head of the

facility/unit who received the allegation shall notify the head of the facility/unit or appropriate office of the agency where the alleged abuse occurred. (PREA 115.63 (a))

    1.    Such notifications shall occur by the facility/unit head as soon as received and no later than 72 hours after receiving the allegation. (PREA 115.63 (b))

    2.    The facility will document the reporting of the allegation notification. (PREA 115.63 (c))

    3.    The facility/unit head or office receiving such notification shall ensure the allegation is reported to the OFAI for investigation. (PREA 115.63 (d))

B.    <u>General Investigatory Guidelines</u>

All case records associated with claims of sexual assault; including incident reports, investigation reports, inmate information, and case disposition are retained in the OFAI investigation file. Medical and mental health evaluative findings and recommendations for pre and post-release treatment and counseling are retained in the inmate mental health medical record. (4-4281-3) All allegations and resulting investigations will be conducted in accordance with OP-040117 entitled "Investigations" and if substantiated, will be presented to the District Attorney for criminal prosecution. (PREA 115.71 (h))

    1.    A "Sexual Assault Report" Part B or C (Attachment C) is completed by the investigator upon completion of the investigation and is included in the investigation report, along with Part A.

    2.    The "Sexual Assault Report" is retained by the OFAI for reporting purposes.

C.    <u>Investigative Techniques</u>

Interviews are conducted in a thorough, professional, non-abusive and non-threatening manner. Action and exploration of findings consistent with acceptable practice are employed to help potentially traumatized victims of sex crimes.

    1.    OFAI agents are trained specifically in the investigations of sexual assault in confined settings.

    2.    Gender-specific investigators are assigned if deemed necessary.

D.    <u>Investigating Sexual Assaults</u>

Investigations are conducted in accordance with OP-040117 entitled "Investigations." If necessary, investigators will consult with, and have available during interviews, mental health support staff.

The facility shall maintain or attempt to enter into memoranda of understanding (MOU) or other agreements with community service providers who are able to provide inmates with confidential emotional support services related to sexual abuse. If an MOU/agreement is entered into, the facility will provide inmates access to the contact information for the community service provider as outlined in the MOU/agreement. (PREA 115.53(a)(c); 115.253(a)(c))

1. Preservation of Evidence in Recent Sexual Assaults

    If the alleged sexual assault is reported or discovered within 120 hours of the incident, in addition to the provisions in this section, the following steps are taken by the agent, if present, or the person who is in charge in accordance with OP-140118 entitled "Emergency Care."

    a. Physical Evidence – Victim

        (1) The OFAI will determine if the need for a sexual assault medical forensic exam exists, the alleged victim shall not be instructed to undress prior to transport to the hospital emergency room or sexual examination site. The inmate's clothing will be retrieved as evidence at the hospital or exam site by the sexual assault nurse examiner (SANE) or sexual assault forensic examiner (SAFE). The transport staff will ensure the inmate is transported with facility clothing for changing into after the examination.

        However, if the inmate is not taken for an off - site exam, at the direction of the OFAI, staff may be directed to immediately collect the inmate's clothing. In doing so, the inmate will be directed to undress over a clean sheet to collect any potential evidence. All will be placed in new individual paper bags with the appropriate chain of evidence form attached.

        (2) Forensic evidence collected by the hospital emergency SANE/SAFE staff will be collected by FAI agents through appropriate protocol(s).

    b. Physical Evidence – Inmate Suspect

        (1) Immediately upon being identified as the alleged suspect who reportedly committed an assault within

| Section-03 Facility Operations | OP-030601 | Page: 25 | Effective Date: 11/30/2018 |
|---|---|---|---|

120 hours, the inmate will be instructed to undress over a clean sheet to collect any potential forensic evidence that may fall from the person. The sheet, along with the alleged suspect's clothing, will be collected as evidence and placed in a paper bag with an appropriate chain of evidence form attached.

(2)     Thereafter, the alleged suspect under investigation will be held in segregation until the investigation is completed, unless other circumstances require transfer.

(3)     During the course of the investigation, the alleged victim and alleged suspect will remain separated.

c.     Physical Evidence - Crime Scene

(1)     Based upon the amount of time passed since the alleged incident and other factors, a determination will be made to assess whether there is a possibility of the evidence still existing at the crime scene. If determined that a possibility of evidence still exists, and if possible, the crime scene is secured and any potential evidence remains for the agent's examination.

(2)     If the crime scene cannot be secured, the crime scene will be photographed and/or video-taped and if any evidence exists, placed in a paper bag with a chain of evidence form attached.

(3)     If a potential crime scene is established, limited access will be authorized and a log maintained as established in OP-040117 entitled "Investigations." (4-4207)

2.     Investigation of Sexual Assaults Occurring More than 120 Hours after the Incident

If the alleged sexual assault is reported or discovered more than 120 hours after the incident, the following steps will be taken by the supervisor in charge:

a.     If feasible, secure the alleged crime scene, as forensic evidence may exist.

b.     Place the alleged victim in an environment to assure safety and security.

c.   Place the alleged inmate suspect, if known, in segregation or if a staff member, ensure separation from the victim.

d.   Notify the OFAI and the victim support designee. If the victim support person is not on-site, he/she is notified the next day.

e.   If injuries are reported by the inmate or are visible, ensure the victim is examined by medical. Mental health providers shall be immediately notified

3.   Interviewing and Reporting Guidelines

a.   A victim support person or case manager is permitted to sit in on any victim interviews if requested by the victim. Only employees, agency volunteers or community rape advocates approved in accordance with the community service provider memoranda of understanding who voluntarily agree to act as victim support persons, are utilized in this capacity.  Victim support persons acting in this capacity will be approved by the facility/unit head.

b.   A medical report to the facility head/unit head will document the incident and treatment of the alleged victim in accordance with MRSM 140118-01 entitled "Management of Alleged Rape/Sexual Assault."

c.   Findings/Recommendations

The investigative report will indicate whether the evidence substantiates a sexual assault has occurred or the allegations are unsubstantiated or unfounded. The FAI agent or facility will complete the "Sexual Assault Report", Part B or C (Attachment C) and include it with the investigative report. The facility will forward Parts A, B, and/or C of Attachment C to the OFAI and Agency PREA coordinator at the conclusion of the facility's investigation. If there is a substantiated finding of sexual assault which violates state statute, a copy of the FAI agent's report and supporting documentation/ evidence will be forwarded by the OFAI to the appropriate jurisdiction for possible criminal prosecution. (PREA 115.71 (d)(h); 115.77(a))

d.   Prosecutions

The FAI agent will thoroughly document each case to assure evidence in the event of criminal prosecution of sexual assault. (PREA 115.77(a))

e.   Tracking of Confirmed Sexual Assault Perpetrators

The FAI Unit will gather information regarding sexual assault in accordance with OP-040119 entitled "Intelligence." The information will be obtained from completed investigations.

(1)     Confirmed sexual perpetrators will also be entered into the Offender Management System (OMS) by the OFAI and administrative flags will be utilized to monitor the movements of such inmates.

(2)     The agency PREA coordinator will submit annual information regarding sexual assault to the United States Census Bureau as required by PREA.

f.     Upon an inmate's release to probation or parole, the appropriate regional office will determine if any flags have been placed on new release inmates and ensure that appropriate action is taken if needed.

In the event that a probationer or parolee reports to his/her probation officer that he/she was the victim of sexual assault, abuse, or harassment while incarcerated but never reported the incident, the probation and parole officer receiving this information will immediately report the allegation to his/her supervisor who will immediately contact the OFAI. The probationer or parolee will then be referred to community resources for medical and or mental health services.

XII.     <u>Notifications to Inmate Victims of Sexual Assault/Abuse</u>

A.     Following an investigation into an inmate's allegation that he or she suffered sexual abuse in an agency facility (state or contracted with ODOC), the facility head shall inform the inmate victim at the conclusion of the investigation as to whether the allegation has been determined to be substantiated, unsubstantiated or unfounded. (PREA 115.73(a))

B.     Following an inmate's allegation that a staff member has committed a sexual offense against the inmate, the facility head shall: (PREA 115.73 (c))

1.     Subsequently inform the inmate victim (unless the investigation determines the allegation is unfounded) whenever the staff member is: (PREA 115.73(c))

a.     No longer posted at the inmate's unit. (PREA 115.73(c)(1))

b.     No longer employed at the facility. (PREA 115.73(c)(2))

| Section-03 Facility Operations | OP-030601 | Page: 28 | Effective Date: 11/30/2018 |

    c.      Indicted on a sexual offense. (PREA 115.73(c)(3))

    d.      Convicted of a sexual offense. (PREA 115.73(c)(4))

C.    Ensure notification is documented on the routing sheets in the comments/review section of the OFAI investigation file.

D.    Following an inmate's allegation of a sexual offense by another inmate, the facility head or designee shall: (PREA 115.73(d))

    1.    Subsequently inform the alleged victim whenever the suspect inmate has been indicted or convicted on the sexual offense. (PREA 115.73(d)(1)(2))

    2.    The facility head will ensure notifications to inmates are documented on the "Notification of Investigation Status" form (Attachment D, attached) and placed in the FAI investigation file. (PREA 115.73(e))

E.    Obligation to report under this standard shall terminate if the inmate victim is released from custody. (PREA 115.73(f); 115.273(f))

XIII.   <u>Sexual Abuse Incident Reviews</u>

In all instances when sexual abuse is not unfounded (whether substantiated or unsubstantiated) through an investigation, at the conclusion of the investigation the facility shall conduct a sexual abuse incident review. (PREA 115.86(a)) This review shall occur within 30 days of the receipt by the facility or of the FAI investigative findings. (PREA 115.86(b)) The review team shall include administrative staff, with input from line supervisors, investigators, medical/mental health professional and facility PREA compliance manager. (PREA 115.86(c))

A.    <u>Review Team (PREA 115.86(d))</u>

The review team shall:

    1.    Convene monthly to review any facility incident or FAI investigations  substantiated or unsubstantiated findings;

    2.    Consider whether the allegation or investigation indicates a need to change policy or practice to better prevent, detect, or respond to sexual abuse;(PREA 115.86(d)(1))

    3.    Consider whether the incident or allegation was motivated by race; ethnicity; gender identity; lesbian, gay, bisexual, transgender, or intersex identification, status, or perceived status; or gang affliction; or was motivated or otherwise caused by other group dynamics at the facility; (PREA 115.86(d)(2))

4.      Examine the area in the facility where the incident allegedly occurred to assess whether physical barriers in the area may enable abuse; (PREA 115.86(d)(3))

5.      Assess the adequacy of staffing levels in that area during different shifts; (PREA 115.86(d)(4))

6.      Assess whether monitoring technology should be deployed or augmented to supplement supervision by staff; and (PREA 115.86(d)(5))

7.      Prepare a report of its findings utilizing the "Sexual Abuse Incident Review" form (Attachment K, attached), including but not necessarily limited to determinations made pursuant to paragraphs (d)(1)-(d)(5) of this section, and any recommendations for improvement and submit the "Sexual Abuse Incident Review" form (Attachment K) to the regional director and agency PREA coordinator within 30 days after the review teams conclusion. (PREA 115.86(d)(6), 115.286(d)(6))

8.      The facilities shall implement the recommendations for improvement or shall document the reasons for not doing so. (PREA 115.86(e))

XIV.   ODOC Medical Services Responsibilities

A.      Provision of Medical Care for Inmates (Alleged Victims and Alleged Suspects)

Medical Services will follow established protocol, which includes provisions for initial examination, documentation, transport to local emergency medical care when appropriate, testing for sexually transmitted diseases (including an HIV test) with counseling as appropriate, prophylactic treatment, follow up and mental health counseling and support as defined in OP-140118 entitled "Emergency Care." Non-consensual sexual incidents will be documented in the inmate's electronic health record by a qualified heath care provider utilizing the nonconsensual sexual contact nursing protocol form.

B.      Guidelines for Medical Care and Investigations at Community Medical Facilities (4-4406)

Victims of sexual assault will be referred under appropriate security provisions to a community-based health care provider or hospital.

C.      Mental Health Care Provider

| Section-03 Facility Operations | OP-030601 | Page: 30 | Effective Date: 11/30/2018 |

The qualified mental health professional (QMHP) or correctional health services administrator will be notified as soon as possible, but no later than the next business day of all alleged sexual abuse/assaults. After providing mental health counseling, the QMHP will consult with the investigating agent regarding the investigation. Appropriate assistance/mental health services will be available to the inmate victim(s) of sexual assault in accordance with OP-140201 entitled "Mental Health Services Duties and Responsibilities."

XV. Agency Reporting/Database Requirements

A. The OFAI shall collect accurate, uniform data for every allegation of sexual abuse at facilities using a standardized instrument and set of definitions. (PREA 115.87(a)) The data shall be securely retained. (PREA 115.89(a))

Incident-based data collected shall include, at a minimum, the data necessary to answer all questions from the most recent version of the Survey of Sexual Violence conducted by the Department of Justice. (PREA 115.87(c))

1. The agency shall aggregate the incident-based sexual abuse data at least annually. (PREA 115.87(b))

2. The agency shall maintain, review, and collect data as needed from all available incident-based documents, including reports, investigation files, and sexual abuse incident reviews. (PREA 115.87(d))

3. The agency shall also obtain incident-based and aggregated data from every private facility with which it contracts for the confinement of its inmates. (PREA 115.87(e))

4. Upon request, the agency shall provide all such data from the previous calendar year to the Department of Justice no later than June 30.(PREA 115.87(f))

B. The report will be approved by the agency director and made available on the agency website and updated annually. Individually identifying information will be redacted. (PREA 115.88(c);115.89(b)(c))

C. The agency shall maintain sexual abuse data collected pursuant to 115.87 for at least ten years after the date of the initial collection unless Federal, State, or local law requires otherwise. (PREA 115.89(d))

D. Records

The following categories are designated by Bureau of Justice Uniform Crime Reports. Records document the following:

| Section-03 Facility Operations | OP-030601 | Page: 31 | Effective Date: 11/30/2018 |

1.    Victim Information

    a.    Date of incident(s);

    b.    Facility;

    c.    Number of victims;

    d.    Gender of victim(s);

    e.    Age category of victim(s);

    f.    Race/ethnic origin of victim(s);

    g.    Location and time of incident(s);

    h.    Injuries sustained by the victim(s) during the incident(s);

    i.    Medical treatment, counseling or mental health treatment, testing for HIV/AIDS or other sexually transmitted diseases, or rape kit provided or administered to the victim(s);

    j.    Person(s) who reported the incident;

    k.    Steps taken to protect the victim(s);

    l.    Type of sexual assault (inmate-on-inmate nonconsensual sexual act or abusive sexual contact or staff sexual misconduct or harassment); and

    m.    Whether incident occurred in area subject to video monitoring.

2.    Inmate-on-Inmate Perpetrator Information

    a.    Number of perpetrators;

    b.    Gender of perpetrator(s);

    c.    Age category of perpetrator(s);

    d.    Race/ethnic origin of perpetrator(s);

    e.    Nature of the incident;

    f.    Type of pressure or physical forces used by the perpetrator(s) on the victim(s); and

    g.    Sanctions imposed on the perpetrator(s).

| Section-03 Facility Operations | OP-030601 | Page: 32 | Effective Date: 11/30/2018 |

3.    Staff-on-Inmate Perpetrator Information

    a.    Nature of the incident;

    b.    Number of staff involved;

    c.    Gender of the staff member(s);

    d.    Age of staff member(s);

    e.    Race/ethnic origin of staff member(s);

    f.    Staff classification (i.e., full or part-time employee, volunteer, intern, contract employee, vendor, etc.);

    g.    Primary position description of staff member(s);

    h.    Sanctions imposed on the staff member(s); and

    i.    Time period staff has been employed at facility.

XVI.    <u>Confidentiality</u>

All documents associated with claims of sexual assault, including incident reports, investigative reports, inmate information, case disposition, medical and mental health evaluation findings and recommendations for post release treatment and/or counseling are confidential and retained by ODOC. (4-4281-8) All investigative files are considered confidential information. Copies of the investigative file will be maintained by the OFAI. (PREA 115.61 (b); 115.89(a))

XVII.    <u>References</u>

Policy Statement No. P-030100 entitled "Provisions of Services/Inmate Rights and Responsibilities"

OP-030102 entitled "Inmate Housing"

OP-040110 entitled "Search and Seizure Standards"

OP-040117 entitled "Investigations"

OP-040119 entitled "Intelligence"

OP-050109 entitled "Reporting of Incidents"

OP-060106 entitled "Non-Associations and Protective Measures"

OP-100101 entitled "Employee Development"

OP-140114 entitled "Screening New Arrivals"

OP-140118 entitled "Emergency Care"

OP-140125 entitled "Bloodborne Pathogen Exposure Control Program"

OP-140147 entitled "Management of Gender Nonconforming Inmates"

OP-140201 entitled "Mental Health Services Duties and Responsibilities"

MSRN 140118-01entitled "Management of Alleged Rape/Sexual Assault"

Prison Rape Elimination Act of 2003, P.L. 108-79

Prison Rape Elimination Act Prisons and Jails Standards

Community Confinement Standards

21 O.S. 1111.1 Paragraph 7

21 O.S. § 1123

Bureau of Justice Statistics Status Report entitled, "Implementing the Prison Rape Elimination Act of 2003" addressing "How Will Rape Be Measured?" (February 5, 2004)

Center for Disease Control, National Center for Injury Prevention and Control, report entitled "Sexual Violence Surveillance: Uniform Definitions and Recommended Data Elements" (2002)

XVIII. <u>Action</u>

The facility/unit heads are responsible for the development of local procedures.

The regional directors/deputy directors are responsible for compliance with this procedure.

The regional director, Region I is responsible for the annual review and revisions.

Any exceptions to this procedure will require prior written approval from the agency director.

This procedure will be effective as indicated.

Replaced:    Operations Memorandum No. OP-030601 entitled "Oklahoma Prison Rape Elimination Act" dated July 17, 2017

Distribution:  Policy and Operations Manual

| Section-03 Facility Operations | OP-030601 | Page: 34 | Effective Date: 11/30/2018 |
|---|---|---|---|

Agency Website

| Section-03 Facility Operations | OP-030601 | Page: 35 | Effective Date: 11/30/2018 |
|---|---|---|---|

| Referenced Forms | Title | Location |
|---|---|---|
| DOC 090124 D | "Inmate Grievance Process Request to Staff" | OP-090124 |
| DOC 140117A | "Request for Health Services" | OP-140117 |

| Attachments | Title | Location |
|---|---|---|
| Attachment A | "Cell Assessment Form" | OP-030102 |
| Attachment A | "Sexual Misconduct and Harassment" | Attached |
| Attachment B | "Inmates' Guide to Sexual Misconduct" | Attached |
| Attachment C | "Sexual Assault Report-Parts A, B and C" | Attached |
| Attachment D | "Notification of Investigation Status" | Attached |
| Attachment E | "Oklahoma Prison Rape Elimination Act Zero Tolerance Acknowledgements for Inmates" | Attached |
| Attachment E-1 | "Oklahoma Prison Rape Elimination Act Zero Tolerance Acknowledgements for Inmates (Spanish)" | Attached |
| Attachment F | "Oklahoma Prison Rape Elimination Act Staff Training Acknowledgement" | Attached |
| Attachment G | "Oklahoma Prison Rape Elimination Act Volunteer/Contactor Training Acknowledgement" | Attached |
| Attachment H | "PREA Response Checklist" | Attached |
| Attachment I | "Inmate Protection Against Retaliation" | Attached |
| Attachment J | "Staff Protection Against Retaliation" | Attached |
| Attachment K | "Sexual Abuse/Harassment Incident Review" | Attached |
| Attachment A | "Incident/Staff Report" | OP-050109 |