## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) L LAURIE GARLAND., an individual </br> Plaintiff, </br> v. </br> </br> (1) STATE OF OKLAHOMA EX REL </br> OKLAHOMA DEPARTMENT OF </br> CORRECTIONS, </br> (2) CHRISTOPHER REDEAGLE, individually </br> (3) SHARON MCCOY, individually </br> (4) JOE ALLBAUGH, Individually </br> (5) PENNY LEWIS, Individually </br> (6) BOARD OF CORRECTIONS </br> Defendants | Case *No. CIV 2020-306-JWB* |

## PLAINTIFF'S SUPPLEMENT TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF ADDITIONAL FACTS

1. Warden McCoy admits a larger scale investigation should have occurred based upon inmate Estes 3-13-19 report. (McCoy Depo. pp 54, 63)

2. On March 19, 2019 by report, Plaintiff had mentioned inmate Woosley was alleging Defendant Redeagle was spending excessive amounts of time with Plaintiff. (3-19-19 Report Bates Stamp 5860)

3. Warden McCoy testified had she been aware of inmate Woosley, the matter would have been referred for outside investigation with the Office of Fugitive Apprehension and Investigations. (McCoy Depo. p. 80)

4. Where allegations of sexual abuse are made, separating the inmate from the perpetrator is the proper thing to do. (McCoy Depo. p. 109)

5. In this case, Defendant Redeagle had continued control over inmate Garland until his resignation. (McCoy Depo. p. 111)

6. Defendant Lewis was in charge of insuring Eddie Warrior Correctional Facility Staff were complying with the Prison Rape Elimination Act (PREA) (McCoy depo. p. 49, lines 20-24)

## MCCOY'S LACK OF INVESTIGATION

Chief of Security (COS), Cox's investigation was limited by Warden McCoy. (Resp. to M/SJ – Fact 13 - Cox Depo. pp 28-29, 44-45) Warden McCoy testified she expected COS Cox to interview all staff who had dealings with Plaintiff and to interview inmates who lived in Plaintiff's POD or had a connection to Plaintiff. (McCoy depo. pp. 63-64) However, COS Cox testified he was not authorized to perform an investigation but was limited by Warden McCoy to only taking a statement (Resp. to M/SJ – Fact 13 - Cox Depo. pp 28-29, 44-45)

Warden McCoy testified had she been aware of inmate Woosley the matter would have been referred for outside investigation with the Office of Fugitive Apprehension and Investigations (McCoy Depo. p. 93-94) However, Plaintiff had alerted prison officials that inmate Woosley was stating there was inappropriate relationship between Plaintiff and Redeagle. (Exh. 12 and 13) Despite being aware of inmate Woosley, Warden McCoy did not authorize any investigation or a statement from Woosley.

Once inmate Woosley's allegations were made and recognized by the new warden, the matter was referred to the Office of Fugitive Apprehension and Investigations .

Warden McCoy admitted that inmate Woosley's allegations justified bringing in outside investigation. (McCoy Depo. p. 93) Defendant McCoy admitted that

Exhibit 12 also would have justified brining in an outside investigation.  (McCoy Depo. p. 80)  Defendant McCoy had multiple opportunities to open an investigation in this matter and failed to do so.

Finally Warden McCoy testified that separating the inmate from the alleged perpetrator is the proper thing to do.  (McCoy Depo. p. 109).   That was not done in this case,  Defendant Redeagle had continued control over inmate Garland until his resignation. (McCoy Depo. p. 111)

## COMPLIANCE OFFICER LEWS

Defendant McCoy testified that Defendant Lewis was in charge of making sure the Eddie Warrior Correctional Facility and staff were complying with the Prison Rape Elimination Act.  (McCoy depo. p. 49, lines 20-24)

While Defendant Lewis was in charge of compliance the following PREA Violations occurred:

1) Defendant Redeagle mailing cards and correspondence to inmate Garland in violation of PREA.  (McCoy Depo. p. 37, 53-54)
2) Defendant Redeagle engaged in inappropriate physical acts towards inmate Garland.  (McCoy depo. p. 37)
3) Defendant Redeagle's actions were considered sexual abuse towards inmate Garland.  (McCoy depo. P. 46)

Defendant Redeagle's actions of correspondence alone should have had him remanded from Eddie Warrior Correctional Facility and not allowed on the premises. (McCoy Depo. p. 45-46)

WHEREFORE, Plaintiff requests this Court overrule Defendants' Motion for Summary (Doc. 65).

_____
E. W. KELLER   OBA# 4918
HENRY DALTON  OBA#15749
KELLER, KELLER & DALTON PC
201 Robert S. Kerr, Suite 1001
Oklahoma City, Oklahoma 73102
(405) 235-6693
(405) 232-3301  Facsimile
E-Mail – kkd.law@coxinet.net

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_\_\_ day of September, 2022, I mailed a full and complete copy of the above and foregoing instrument to the following:

Jessica A. Wilkes
Assistant Attorney General
313 NE 21st Street
Oklahoma City, OK  73105

Anthony L. Allen
106 S. Okmulgee Avenue
Okmulgee, OK  74447

/S/ E. W. KELLER