IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LAURIE GARLAND, an individual, | |
| Plaintiff, | Case No.: 20-cv-306-JWB |
| v. | |
| (1) STATE OF OKLAHOMA, *ex rel.,* OKLAHOMA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

### DEFENDANTS' BRIEF IN SUPPORT OF BILL OF COSTS

Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and LCvR54.1, Defendants, through Assistant Attorneys General Jessica Wilkes and Jeb Joseph, respectfully move this Court for the recovery of costs. In support of its Bill of Costs, Defendants show the Court as follows:

### STATEMENT OF THE CASE

Plaintiff filed this action on September 4, 2020 alleging various Defendants had violated her rights pursuant to 42 U.S.C. § 1983. [Doc. 1]. At all times relevant to this case, Plaintiff was in the custody of the Oklahoma Department of Corrections ("DOC") and housed at the Eddie Warrior Correction Center ("EWCC") in Taft, Oklahoma, from August 30, 2018 until April 12, 2019. Defendant Sharon McCoy was the Warden of EWCC when Plaintiff's claims allegedly arose. Defendant Penny Lewis serves as the Chief Administrator for DOC's Auditing and Compliance Unit, and Defendant Rabekka Mooneyham serves an Administrative Programs officer for the Auditing and Compliance Unit (collectively "State Defendants"[1]). State Defendants filed their Motion to Dismiss on November 12, 2020. [Doc.

---

[1] DOC, and DOC employee Heather Carlson, were also parties to the Motion to Dismiss. Defendant

16]. Plaintiff filed an Amended Complaint on November 24, 2020. [Doc. 19]. State Defendants filed their Motion to Dismiss on December 8, 2020. [Doc. 22]. State Defendants Lewis, McCoy and Mooneyham filed their Answers to Plaintiff's Amended Complaint on July 29, 2021. [Docs. 62-64].

The remaining State Defendants filed their Motion for Summary Judgment on September 13, 2021. [Doc. 65]. A settlement conference was later held, and Plaintiff ultimately filed a Stipulation of Partial Dismissal with regard to Defendant Mooneyham on September 27, 2021. [Doc. 72]. After the Parties completed discovery, Plaintiff insisted on additional Discovery out of time, in the form of the deposition of Sharon McCoy [Doc. 99]. That deposition took place on August 25, 2022. Plaintiff then moved for leave to supplement her summary judgment briefing in order to include a variety of materials and information (some of which came from McCoy's deposition). [Doc. 104]. The Court granted Plaintiff's request and deemed Plaintiff's proposed supplemental materials as filed. [Doc. 107]. Defendants filed their supplemental reply on October 18, 2022. [Doc. 111]. On November 9, 2022, this Court entered its order granting State Defendants' Motion for Summary Judgment. [Doc. 118].

In the briefing for summary judgment, State Defendants cited to, among other evidence, the deposition testimony of Plaintiff Laurie Garland and Defendant Christopher Redeagle. Specific amounts for those costs are itemized in Exhibit 1 to the *Bill of Costs* filed contemporaneously herewith. In the supplemental filings, both Plaintiff and Defendants cited to portions of the deposition testimony of Defendant Sharon McCoy. Depositions for

---

(and former Deputy Warden), Christopher Redeagle, was not a party to the Motion to Dismiss [Doc. 16].

Defendant Penny Lewis, Bryan Cox, and Randy Knight were also taken in this case. The deposition costs and mileage for the above-listed witnesses total the amount of $3,375.18.

## ARGUMENTS AND AUTHORITIES

Fed. R. Civ. P. 54 provides for the prevailing party to recover certain costs against an unsuccessful party as a matter of course, absent an express provision to the contrary. LCvR 54.1 provides that "[a] prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Clerk and support the same with a brief." The rule goes on to require that the bill of costs and brief be filed within fourteen (14) days of judgment, verified and supported by affidavit or receipts. *Id.* United States Code, title 28, § 1920 sets forth the type of costs which can be taxed as costs by the Court, and specifically includes, among other things, "[f]ees of the clerk . . ." and "[f]ees of the court reporter for all or any of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §§ 1920 (1), (2).

As a general rule, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Barber v. T. D. Williamson, Inc.*, 254 F. 3d 1223, 1234 (10th Cir. 2001) (citations omitted). "A party need not prevail on every claim and counterclaim to be awarded costs as the prevailing party." *Haynes Trane Service Agency, Inc. v. American Standard, Inc.*, 573 F. 3d 947, 967 (10th Cir. 2009). Once a party is deemed prevailing, the Tenth Circuit Court has observed, "it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Zeran v. Diamon Broadcasting, Inc.,* 203 F.3d 714, 222 (10th Cir. 2000); *quoting, Cantrell v. IBEW Local 2021,* 69 F.3d 456, 458-59 (10th Cir. 1995). The taxing of such costs lies within the sound discretion of the court.

Deposition transcripts used by a prevailing party in obtaining summary judgment are deemed to be transcripts necessarily obtained for use in the case. *Tilton v. Capital Cities, et al.*, 115 F.3d. 1471, 1473 (10th Cir. 1997). Further, "though use at trial by counsel or the court demonstrates necessity, if material or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award recovery of costs." *Callicrate v. Farmland Industries, Inc.,* 139 F.3d 1336, 1339 (10th Cir. 1998) (citing *U.S. Industries, Inc. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1995)), *overruled on other grounds as recognized* by *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th. Cir. 1996). Similarly, the costs related to expenses that, "when occurred, appeared reasonably necessary in order to adequately prepare defendant's case for trial and to provide adequate grounds for the filing of pretrial and potentially dispositive motions" are reasonable and necessary. *Callicrate,* 139 F.3d at 1341. This is especially true, as in this case, when the costs include transcripts of depositions that were requested by Plaintiff and were of persons employed by Defendant. *Id.*

Here, State Defendants seek to recover the costs of the deposition of Plaintiff Laurie Garland, as well as the depositions of Penny Lewis, Bryan Cox, Randy Knight, Christopher Redeagle, and Sharon McCoy, all taken in this case. Plaintiff's deposition was taken within the discovery timeframe allowed by the Court and was clearly reasonable and necessary in the defense of this case. The deposition transcripts of Penny Lewis, Bryan Cox, Randy Knight, and Christopher Redeagle were taken within the discovery timeframe allowed by the Court and clearly reasonable and necessary in the defense of this case. The Court ordered that Sharon McCoy's deposition be taken out-of-time pursuant to Plaintiff's request. McCoy's deposition transcript was reasonable and necessary in her defense of this case. In fact, Plaintiff herself

relied on portions of the witnesses' deposition transcripts in her Response to State Defendants' Motion for Summary Judgment. [Docs. 71, 71-19, 71-22, 104]. Defendants also seek recovery of the applicable mileage costs incurred in attending these necessary depositions. These costs are clearly recoverable in this case. As such, State Defendants request this motion be granted, and Plaintiff be ordered to pay to the State for costs incurred in defending Defendants McCoy and Lewis in this action.

## CONCLUSION

For the above stated reasons, State Defendants respectfully request the Court award costs to them in the amount of $3,375.18.

Respectfully submitted,

/s/Jessica Wilkes
**JESSICA A. WILKES, OBA#34823**
**JEB E. JOSEPH, OBA#19137**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Unit
313 NE 21st Street,
Oklahoma City, OK 73105
Telephone:   405.521.3921
Facsimile:    405.521.4518
Email: jessica.wilkes@oag.ok.gov
Email: jeb.joseph@oag.ok.gov
*Attorneys for State Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day November 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via the ECF System to all counsel who are registered ECF participants.

             /s/ Jessica Wilkes
             Jessica Wilkes