(1)L LAURIE GARLAND., an individual )
       Plaintiff, )
v. ) Case *No. CIV 2020-306-RAW*
)
(1) STATE OF OKLAHOMA EX REL )
OKLAHOMA DEPARTMENT OF )
CORRECTIONS, )
(2) CHRISTOPHER REDEAGLE, individually )
(3) SHARON MCCOY, individually )
(4) JOE ALLBAUGH, Individually )
(5) PENNY LEWIS, Individually )
(6) BOARD OF CORRECTIONS )
       Defendants )

## PLAINTIFFS' MOTION IN LIMINE
## AND BRIEF IN SUPPORT THEREOF

      Plaintiff previously has filed her Motion in Limine. [Doc 75] on September 30, 2021.

      The Court granted Plaintiff's Motions in Limine by Order [Doc. 89] on January 6, 2022.

      Plaintiff reurges her original Motion in Limine and has repeated it verbatim from Doc 75 to wit:

## ARGUMENT AND AUTHORITY

      A Motion in Limine is offered to provide the Court the opportunity to take up before Trial those certain and limited evidentiary issues in order to minimize interruptions at trial. ***Banque Hypothecaire Du Canton v. Union Mines, Inc.***, 652 F. Supp. 1400, 1401 (D.Md 1987). Its purpose is " to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for Trial, without lengthy argument at, or interruption of, the

trial." **_Palmieri v. Defaria_** 88 F.3d 136, 141 (2nd Cir. 1996) Besides saving trial time, pretrial rulings often may save the parties time, effort and cost in preparing and presenting their cases. **_Pivot Point Intern, Inc. v. Charlene Products, Inc._**, 932 F. Supp. 220, 222 (N.D. Ill 1996)

### 1.     CRIMINAL CHARGES

It is anticipated that each of the Defendants will attempt to present evidence at Trial regarding the criminal charges of Ms. Garland. Said charges are inadmissible and not relevant to any issues of the case.

Ms. Garland was sexually assaulted while an inmate at the Eddie Warrior Correctional Center. The reason an inmate is incarcerated has no bearing on the way inmates are to be treated. The mention of the nature of the pending charges would be highly prejudicial to Plaintiff and outweigh any probative value. Federal Rules of Evidence, Rule 403. In the Civil Rights §1983 case of **_Christmas v. City of Chicago_**, 691 F. Supp. 2d 811 (N.D. Ill 2010) the Court held evidence of prior arrests should be withheld and granted a Motion in Limine excluding evidence of prior arrests:

> "But even if such evidence is probative, the court finds that the danger of unfair prejudice greatly outweighs the probative value of the evidence. *See* _Fed.R.Evid. 403_ (relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice.
>
> Accordingly, the motion to exclude is granted."

Id.

Accordingly, this Court should prohibit Defendants from presenting any evidence with respect to the facts or circumstances of Ms. Garland's arrest or criminal charges and

all references to criminal records should be excluded from Trial and redacted from any documents offered at Trial.

## 2. MOTION IN LIMINE TO PROHIBIT MENTION OR REFERENCE TO SOCIAL SECURITY BENEFITS OR INSURANCE

Comes now the Plaintiff and asks this court to grant a motion in Limine prohibiting the mention of the fact that Plaintiff is receiving Social security benefits and Medicare coverage. In support thereof Plaintiff offers the following.

I.

Defendants and their witnesses should be prohibited from mentioning that Plaintiff may or has received money for his damages from collateral sources wholly independent from the Defendants. In **_Porter v. Manes_** 347 P.2d 210, (Okla. 1959) the court held that payments received from a collateral source are inadmissible.

II.

Defendant should be prohibited from mentioning that Plaintiff has filed a claim for social security and received benefits as it is not relevant to this action and could be very prejudicial 12 O.S. §§ 2402 § 2403. In the case of **_Mangan v. Broderick and Bascom Rope Co._** 351 F.2d 24, 29 (Cir 7 1965). The court held that a strict exclusionary rule should apply to mention of workman's compensation benefits. The court went on to state:" the 'smell' of insurance or workman's compensation must be presumed to affect a jury adversely to a plaintiffs cause. **_Burnett v. Hernandez_** (9TH Cir) 263 F.2d 212,214." Id at 30. Whether plaintiff has or will receive social security benefits and coverage is not relevant to this action. Collateral source payments are excluded from trial. In **_Witt v. Martin_** 672 P.2d 312,316 (Ok App 1983). The court in its syllabus stated:

> " In a tort action, if reimbursement has been made to the
> injured party for the damages sustained from a source wholly
> independent of and not in behalf of the wrongdoer, such

reimbursement cannot inure to the benefit of the wrongdoer nor the lessen the damages recoverable from him, and evidence of the reimbursement is inadmissible."

Wherefore Plaintiff prays that the Court grant a Motion in Limine prohibiting Defendant's from making any mention of the Social Security benefits or of collateral benefits or payments may have received or of which Plaintiff may be entitled to in the future.

### 3. Taxpayer money

Plaintiffs ask this Court to exclude any testimony or argument that a judgment or award of damages comes out of tax dollars. Any appeal to the jurors monetary interest should be excluded. In **_Christmas v. City of Chicago_**, 691 F.Supp. 2d 811 (N.D. Ill 2010), the Court held that "Appeals to Jurors' pecuniary interest s as taxpayers is improper. **_Moore ex rel Estate of Grady v._ Twelja**, 546 F. 3d 423, 429 (7th Cir.)"

### 4. JAIL SURVEILLANCE VIDEO SHOULD BE ADMITTED INTO EVIDENCE

The defendant captured inmates of the Plaintiff and Defendant Redeagle entering the property building on the automatically recording video system. The video is admissible into evidence into evidence. Surveillance video is substantive and admissible into evidence. F.R.E. 401

Video footage which is automatically captured and recorded is admissible. **_U.S. v. Rembert_**, 863 F.2d 1023 D.C. Cir. (1988) Surveillance footage from ATM; **_US v. Stephens_**, 202 F. Supp. 2d 1361, 1368, (N.D. GA 2002) **_US v. Taylor_**, 530 F.2d 639, 641-6472 (5th Cir. 1976) **_US v. Rivera-Maldonado_**, 194 F.3d 224, 237 (1st Cir. 1999).

The video footage in this case was captured as part of routine surveillance at the Eddie Warrior Correctional Center. The footage is date stamped and shows the time. It is highly relevant and has probative value. Plaintiff asks the video be admitted into evidence.

### 5. LETTERS/CORRESPONDENCE OF DEFENDANT REDEAGLE

Deputy Warden Redeagle has admitted sending many letters and correspondence to inmate Garland. (Redeagle Depo. pp 145-158, 89-90)
These were written by him and are not hearsay pursuant to Fed. R. Evidence, Exclusions from Hearsay 801(d)

As such they should be admitted into evidence.

### 6. PLAINTIFF SEEKS TO INTRODUCE THE OKLAHOMA DEPARTMENT OF CORRECTIONS INCIDENT/STAFF REPORTS

The Oklahoma Department of Corrections creates and maintains incident/staff reports. The reports were generated by staff at the EWCC and written upon by them. These incident/staff reports are not hearsay under Fed. R. Evidence 801(d)(2). They were made by DOC employees while on the job and reflect what they believed to be true. Federal Rules of Evidence 801(d)(2) provides these are not hearsay documents.

Incident/staff reports also fit a hearsay exception of 803(8) Public Records which provide

> "   (8) **Public records and reports.** Records, reports, statements or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report. . . or (C )

> in civil actions and proceedings. . . factual findings resulting from investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicate lack of trustworthiness."

Incident/staff reports would also fall under Hearsay Exception 803(6) as they are records of a regularly conducted activity.

The incident/staff reports were generated by EWCC staff regarding things they were told, observed, or believed needed to be reported. They are highly relevant and should be admitted into evidence.

### 7. OKLAHOMA DEPARTMENT OF CORRECTIONS INVESTIGATION REPORT

Oklahoma Office of Fugitive Apprehension and Investigations investigated the actions of Defendant Redeagle and the EWCC on April 3, 2019 and issued its findings by report on May 22, 2019. Plaintiff seeks to have the May 22, 2019 Oklahoma Department of Corrections Investigation Report introduced into evidence.

The Investigative report falls under the Federal Rules of Evidence – Hearsay Exception 803(8) provides:

> "	(8) **Public records and reports.** Records, reports, statements or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report. . . or (C ) in civil actions and proceedings. . . factual findings resulting from investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicate lack of trustworthiness."

The May 22, 2019 Department of Corrections Investigation Report meets all the requirements:

1. The Department of Corrections is aa public agency;
2. The Department of Corrections investigation was made pursuant to law and the findings are set forth.

The Dept. of Corrections report is highly relevant to this case as it sets for conditions at the Eddie Warrior Correctional Center and events that occurred and evidence found.

The Dept. of Corrections investigation unit documented findings of deficiencies that occurred at EWCC. It directly establishes an ongoing pattern, practice and custom of constitutional violations at the EWCC and Defendants' awareness and participation in.

The actions giving rise to Constitutional violations is relevant. The deficiencies and actions identified by the Dept. of Corrections report is evidence of Constitutional violations at the EWCC. The Dept. of Corrections Investigation report is highly relevant. Accordingly this Court should allow the introduction of the May 22, 2019 Oklahoma Dept. of Corrections Investigative Report.

### 8. MOTION IN LIMINE

Plaintiff asks this Court to prohibit any reference that Plaintiff filed this Motion in Limine or to any ruling by the Court in response to this Motion. Such references are inherently prejudicial in that they suggest or infer that Plaintiff has sought to exclude proof of matters damaging the Plaintiffs' case. F.R.E. 403.

/S/E. W. KELLER

E. W. KELLER   OBA#  4918
HENRY DALTON   OBA#15749
KELLER, KELLER & DALTON PC
201 Robert S. Kerr, Suite 1001
Oklahoma City, Oklahoma 73102
(405) 235-6693
(405) 232-3301  Facsimile
E-Mail – kkd.law@coxinet.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd  day of November, 2021. I mailed a full and complete copy of the above and foregoing instrument to the following:

Anthony  L. Allen
106 S. Okmulgee Avenue
Okmulgee, OK  74447

/S/ E. W. KELLER
KELLER, KELLER & DALTON